# Third Department, March, 1984

## (March 1, 1984)

■ The People of the State of New York, Respondent, v Odell Morton, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 11, 1981, upon a verdict convicting defendant of the crime of murder in the second degree. ¶ During the evening of March 16, 1981, Diane Morton, defendant's estranged wife, was shot and killed at her home in the City of Albany. Defendant was indicted for murder in the second degree for intentionally causing the death of Diane Morton (Penal Law, § 125.25, subd 1 [intentional murder]). At trial, defendant did not deny that he fired the shots which killed his wife; rather, defendant offered evidence to establish that he did not have the requisite culpable mental state to commit intentional murder. Specifically, defendant sought to show that at the time of the shooting he was suffering from hypoglycemia, a condition resulting from his having taken an excessive amount of insulin to control his diabetes, which rendered him, in effect, intoxicated and incapable of forming the requisite intent (see Penal Law, § 15.25). Defendant requested that manslaughter in the second degree (Penal Law, § 125.15, subd 1 [reckless manslaughter]) and criminally negligent homicide (Penal Law, § 125.10) be charged to the jury as lesser included offenses of intentional murder. After County Court denied his request, defendant was found guilty as charged and a term of incarceration of 25 years to life was imposed. On this appeal, defendant raises several grounds of error and, because we conclude that it was error for County Court to have refused defendant's request to charge, in the alternative to intentional murder, the lesser included offense of reckless manslaughter, we reverse. ¶ Initially, we note that the Penal Law has established a hierarchy of culpable mental states with "criminal negligence" as the lowest or least culpable mental state, "recklessly" as the next highest, and "intentionally" as the highest or most

culpable mental state[1] (see Penal Law, § 15.05; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 15.05, pp 29-31). We further recognize that the lower mental states are necessarily included in the higher forms of mental culpability (see *People v Green,* 56 NY2d 427, 432). A review of the statutory definitions of criminally negligent homicide, reckless manslaughter and intentional murder reveals that these crimes are distinguished only by the gradation of their required mental states. Thus, under *People v Green*[2] (*supra,* pp 432-434), it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser crimes. Criminally negligent homicide and reckless manslaughter are, therefore, lesser included offenses of intentional murder (see, also, CPL 1.20, subd 37; *People v Murray,* 40 NY2d 327, 335, cert den 430 US 948; *People v Garson,* 97 AD2d 518; *People v Lewis,* 84 AD2d 715; see, generally, Sobel, Prosecutor's Charge-Down — A Dilemma for Trial Judges, NYLJ, Dec. 22, 1983, p 1, col 3; Dec. 23, 1983, p 1, col 3). ¶ Accordingly, in determining whether County Court erred in its refusal to charge the lesser included offenses, it is necessary to consider whether a reasonable view of the evidence in this case, considered favorably to defendant (see *People v Shuman,* 37 NY2d 302, 304), would have permitted the jury to conclude that defendant committed the lesser but not the greater offense (see CPL 300.50; *People v Glover,* 57 NY2d 61, 63; *People v Green, supra,* p 434). Our review of the record leads us to conclude that a reasonable view of the evidence considered favorably to defendant would support a finding that defendant acted recklessly rather than intentionally, and the lesser included offense of reckless manslaughter should therefore have been charged in the alternative to intentional murder. ¶ The record establishes that hypoglycemia is a condition in which the body does not have sufficient sugar to function properly and which can be caused by insulin. There is other evidence that an individual suffering from hypoglycemia could be mistaken for an intoxicated individual. Additionally, the jury could have found from the facts deduced at trial that at the time of the shooting, defendant, a diabetic, was not following a prescribed course of treatment, had been drinking to excess, had taken an extra dose of insulin to compensate for these transgressions, and was carrying a gun, ostensibly for protection. The jury might further have found, consistent with the testimony of defendant's medical expert, that defendant was in a hypoglycemic state from his excessive drinking and insulin injections and did not have the requisite intent for intentional murder at the time of the shooting. Drugs have been recognized as a cause of voluntary intoxication (see, e.g., *People v Edwards,* 64 AD2d 201, 202; *People v Nater,* 56 AD2d 664) and there is no logical reason why insulin should be treated differently, especially in light of the expert testimony that hypoglycemia, also known as insulin reaction, could produce an intoxicated state. Accordingly, the jury might reasonably have concluded that defendant did not act intentionally, the culpable mental state required for intentional murder. ¶ Furthermore, these facts could reasonably support a conclusion that defendant acted recklessly and, thus, committed reckless manslaughter. One acts "recklessly" when "he is aware of and consciously disregards a substantial and unjustifiable risk that [a result described by criminal statute] will occur" (Penal Law, § 15.05, subd 3) and when the risk is of "such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (*id.*). By not following

1. "Knowingly" is actually the second highest culpable mental state (see Penal Law, § 15.05, subd 2) but, because "knowingly" is not a required mental state of the crimes with which we are concerned, it has been omitted from this discussion.

2. We note that *People v Green* (*supra*) was decided after the judgment herein was rendered.

prescribed medical treatment and by taking extra insulin and drinking excessively at a time when he was carrying a gun, defendant could be found to have consciously disregarded a substantial and unjustifiable risk of killing another person by using the gun and, thus, to have acted recklessly. The voluntary intoxication claimed by defendant is not available to negate this culpable mental state (see *id.; People v Register,* 60 NY2d 270, 278, 286). Accordingly, there is a reasonable view of the evidence that defendant did not act intentionally but acted recklessly and committed reckless manslaughter. A charge on manslaughter in the second degree in the alternative to intentional murder was thus required. ¶ On the other hand, there is no reasonable view of the evidence that defendant acted with criminal negligence and committed criminally negligent homicide. One acts with criminal negligence by failing "to perceive a substantial and unjustifiable risk that [a result described by criminal statute] will occur" (Penal Law, § 15.05, subd 4) when the risk is of "such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (*id.*). However, one who fails to perceive the risk by reason of voluntary intoxication acts "recklessly" (Penal Law, § 15.05, subd 3). In this case, wherein defendant claimed voluntary intoxication, the only reasonable view of the evidence supporting the conclusion that defendant failed to perceive the risk that he would kill someone with the gun is that defendant was suffering from voluntary intoxication and, thus, acted "recklessly" (see *People v Van Dusen,* 89 AD2d 649, 650; *People v Schaffer,* 80 AD2d 865, 866-867). Accordingly, there is no reasonable view of the evidence that defendant acted with "criminal negligence" and a charge on criminally negligent homicide was not required (but cf. *People v Ivisic,* 95 AD2d 307, 313). In view of our disposition, it is unnecessary to consider the other arguments advanced by defendant. ¶ Judgment reversed, on the law, and matter remitted to County Court of Albany County for a new trial. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.