The appellant, Gene Edward Williams, was indicted by the Morgan County grand jury for arson in the second degree under §13A-7-42, Code of Alabama 1975, and for burglary in the third degree under § 13A-7-7, Code of Alabama 1975. He was subsequently convicted by a jury of both the arson and the burglary charges. The trial court imposed a sentence of 15 years' imprisonment on the arson II conviction under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. However, the court's judgment states, "It is therefore considered, ordered and adjudged by the Court that no sentence is imposed in Case No. CC-82-0401." (The third degree burglary conviction.)
Section 13A-5-2 (a), Code of Alabama 1975, provides that "every person convicted of a felony shall be sentenced by the court to imprisonment for a term authorized by sections §13A-5-6, § 13A-5-9 and § 13A-5-10." Burglary III is a class C felony. Therefore, it is mandatory that the trial court impose sentence upon the appellant after the jury has convicted him of a felony. We recognize that approximately the same end result may be achieved by the trial court through exercise of various options regarding sentencing, and that the trial court no doubt had good reason for its actions. However, issues regarding each conviction are presented on appeal. Further, issues regarding application of the recidivism statute might well be created by the omission to impose sentence.
We therefore remand this case for sentencing on the third degree burglary conviction. We forgo and reserve consideration of the issues raised by appellant on appeal pending sentencing.
REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 180 
 ON RETURN TO REMAND
We remanded this case for sentencing on the third degree burglary conviction. The trial court ordered that the jury verdict and judgment rendered on case number 82-0401 (the third degree burglary) be "vacated, set aside and held for naught" and adjudged the defendant to be "not guilty of Burglary in the third degree charged in said indictment."
As an essential part of the reasoning behind its order the trial court noted:
 "The indictment in CC-82-0402 provides in relevant part that the Defendant, Williams, `did intentionally damage a building of James Parker, by starting or maintaining a fire or causing an explosion. . . .' In CC-82-0401 the indictment charged that Williams `did, knowingly enter or remain unlawfully in a building of James Parker with intent to commit a crime therein, to-wit: arson. . . .' Under the facts of these cases Williams entered the house with intent to commit arson and did in fact commit arson once therein. Proving arson necessarily encompassed proving entry into the building with intent to commit arson therein. There was but one transaction, and the Defendant should not be twice convicted for two separate offenses under these facts."
This court finds this to be a correct statement of the law and agrees with the trial court's decision to vacate the burglary conviction in order that appellant not be subjected to double jeopardy and in order to comport with § 13A-5-2 (a).
We now consider those issues raised by appellant on his appeal and omit any discussion of the third degree burglary conviction, as that has now been vacated.
The home that appellant was convicted of burning was that of James Parker and his wife Paulette Parker. Mrs. Parker became acquainted with appellant through a prison ministry program. When he was released from prison she brought him to Decatur as his sponsor and assisted him in finding a place to live. He lived for several months at the Decatur Rescue Mission and the Huntsville Rescue Mission. During the time the appellant lived at the rescue missions he exhibited a severe hygiene problem. He was a bed wetter and he refused to take baths, resulting in an extremely bad body odor. The Parker's worked with the appellant during this period and encouraged him to take baths, but to no avail. Appellant then left the area for a period of about a year. Appellant returned to the Decatur area around Christmas of 1981. The Parkers again attempted to work with appellant, but problems soon developed in the relationship and they told the appellant he was no longer welcome on their property. In the evening of the day the appellant was told not to come on their property, the Parkers heard the door bell ring but when they went to the door no one was there. Mr. Parker within a few minutes observed the appellant riding by on one of his son's bicycles. He called the police and the appellant was apprehended with the bike. On another occasion the appellant attempted, unsuccessfully, to gain entry to the Parkers' home when only their minor son was at home. On still another occasion, Mr. Parker heard a noise like someone kicking his front door; he went outside and saw the appellant walking away from his house across his yard. Approximately ten or fifteen minutes later a fruit jar was thrown through the Parkers' window. On the day of the fire, Mrs. Parker received a call from the appellant; he began using profane and abusive language towards her and he hung up the phone.
On May 28, 1982, Mr. Parker returned home from work and saw the appellant coming down the steps of his home and he noticed the storm door closing behind him. Testimony of the Parkers' son, Lanney Parker, revealed that he had left the inner wooden door open earlier when he left the house. Mr. Parker confronted the appellant, who said he had come to speak with Mrs. Parker. Mr. Parker told him again that he was not welcome on their property. He noted that the appellant was very nervous before he walked away. Just after appellant left, one of Mr. Parker's sons, *Page 181 
who had just returned to the house, came running out and said the television screen had been broken. Mr. Parker went after appellant in his car and when he returned to the house with him, he was informed that the house was on fire and that the fire department had been called. Before the fire could be extinguished, the home received extensive damage.
 I
The appellant contends that the state failed to establish a prima facie case or evidence to support a guilty verdict because the state's case was based primarily on circumstantial evidence.
When reviewing a conviction based largely on circumstantial evidence, we must apply the standards set forth in Dolvin v.State, 391 So.2d 133 (Ala. 1980); Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). Basically, these cases held that the test to be applied is whether the jury might reasonably conclude that the evidence excluded every reasonable hypothesis except that of guilt.
The circumstantial evidence in the instant case was very strong. The victims had a series of prior difficulties with the appellant and minutes before the fire was discovered appellant was seen exiting the house behaving in a very nervous manner. There was also a pervasive odor in the house peculiar to the appellant due to his hygiene problems.
Under these facts, we find that the jury could reasonably exclude every reasonable hypothesis except that of guilt and hold that their verdict should not be disturbed.
 II
The appellant next contends that the trial court erred in not charging the jury on arson in the third degree as a lesser included offense.
An individual accused of committing an offense has a right to have the court charge the jury on lesser offenses included in the indictment, when there is a reasonable theory from the evidence to support his position. Chavers v. State,361 So.2d 1106 (Ala. 1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886
(1973).
Arson in the third degree requires a showing that the perpetrators "recklessly" damaged a building by fire rather than a showing that he "intentionally" damaged the building by fire, as required by arson in the second degree. In the instant case, the victims' television set was maliciously damaged and there was evidence presented that the fire was started in clothes piled against a wall by the perpetrator. We find no reasonable theory to support a finding that the fire was "recklessly" started and thus no need to charge on arson in the third degree. The evidence indicates the perpetrator's actions were intentional.
When it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense or when the requested charge would have a tendency to mislead or confuse the jury, a court can properly refuse to charge on lesser included offenses. Chavers, supra;Lami v. State, 43 Ala. App. 108, 180 So.2d 279, cert. denied,278 Ala. 710, 180 So.2d 282 (1965). Under both of these rules we hold that the trial court was well justified in refusing the requested charge on the lesser offense. The appellant was guilty of the offense charged or nothing at all.
Therefore, the judgment of the circuit court is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur. *Page 182