Shermanita Paige was convicted of attempting to murder her infant daughter. She was sentenced to twenty-three years' imprisonment in the state penitentiary. The indictment charged that Shermanita Paige:
 ". . . did, with intent to cause the death of Nicole Paige, a violation of § 13A-6-2 of the Code of Alabama, attempt to cause the death of Nicole Paige, an infant, by placing the said Nicole Paige in a drainage ditch, in violation of § 13A-4-2 of the Code of Alabama. . . ."
 I
Attempted murder is a specific intent crime. The state must prove that the accused acted with the intention of taking the life of another. Chaney v. State, 417 So.2d 625 (Ala.Cr.App. 1982). Appellant Paige first contends that the prosecution failed to establish that she possessed the requisite intent to cause the death of her child, Nicole.
The intent to cause the death of another may be inferred from the attending circumstances. Fears v. State, 451 So.2d 385
(Ala.Cr.App. 1984); McQueen v. State, 355 So.2d 407
(Ala.Cr.App. 1978). The evidence presented at trial revealed that at the time of the incident in question, the appellant was an eighteen-year-old unmarried mother who lived at the home of some friends. On the evening of July 30, 1984, the appellant was observed placing the baby, Nicole, in a baby stroller and leaving the house to go to a local convenience store. She returned to the house around 9:00 p.m. with an empty stroller. When asked where the baby was, the appellant replied that she had left the child with a relative for a couple of weeks.
Ricky Reed and his brother, David, testified that they were walking past the appellant's house between 8:30 and 9:00 on the night of July 30, 1984. They saw the appellant get into a pickup truck that was parked a short distance from the house. The driver of the truck, who the Reeds were not able to see, drove up the street a few yards and stopped. The appellant removed an empty baby stroller from the back of the truck and then went into her house. As the Reeds continued walking down the street, they heard a child's cries emanating from the storm sewer. The sewer line was near the area where they had originally seen the pickup truck parked. They took a manhole cover off the storm drainage hole and there found Nicole Paige, a one-year-old child. One of the Reeds held the other by his feet and lowered him down into the hole to rescue the child. Ricky Reed then noticed the appellant walking toward him. He asked her if the child was hers, and the appellant denied that the baby was hers. Mr. Reed stated that the appellant looked scared and was trembling. By this time, several people had gathered around the manhole to see what was happening. Some of these individuals recognized the child as being the appellant's daughter and, at their insistence, Reed gave the child to the appellant. A report was made to the police and the appellant was arrested.
The culpable mental state of the accused at the time of the alleged crime is a matter that is not susceptible to scientific proof. Evidence of the accused's intent must, therefore, be inferred from all the attendant circumstances surrounding.Johnson v. State, 390 So.2d 1160 (Ala.Cr.App. 1980), cert.denied, 390 So.2d 1168 (1980). Whether the accused possesses the intent to cause the death of another person is a matter to be determined by the jury. Swann v. State, 412 So.2d 1253
(Ala.Cr.App. 1982). From the actions and words of this case, it was reasonable for the jury to find that the appellant had formed the requisite murderous intent; they could hardly have found otherwise.
 II
The appellant also maintains that the trial court erred in denying her written requested charge on attempted manslaughter, reasoning that such might be a lesser included offense as to attempted murder. "An individual accused of the greater offense has a right to have the court charge *Page 797 
on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position." Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). Our review of the relevant Alabama case law has revealed no decisions which have expressly held that reckless manslaughter is a lesser included offense as to intentional murder. However, § 13A-1-9, Code of Alabama 1975, states that an offense will be deemed a lesser included offense if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission." (emphasis supplied)
See also, Ex parte Washington, 448 So.2d 404 (Ala. 1984).
The commentary to § 13A-1-9 provides:
 "(4) Subdivision (a)(4) covers two situations. The first is where the offense proved differs from the offense charged only in that it requires a lesser degree of culpability, e.g., manslaughter under § 13A-6-3 (reckless killing) on a charge of murder under § 13A-6-2 (intentional killing)."
(emphasis supplied)
Along these same lines, our Supreme Court recently observed inEx parte Weems, 463 So.2d 170, 173 (Ala. 1984):
 "The difference between the circumstances which will support a murder conviction and the degree of risk contemplated by the manslaughter statute is one of degree, not kind. From a comparison of Sections 210.03 and 210.02 of the Model Code, it appears that the degree of recklessness which will support a manslaughter conviction involves a circumstance which is a `gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation,' but is not so high that it cannot be `fairly distinguished from' the mental state required in intentional homicides."
Reckless manslaughter under § 13A-6-3 (a)(1) differs from intentional murder under § 13A-6-2 (a)(1) in that it requires a different and lesser degree of culpability. Weems, supra; see also, People v. Morton, 100 A.D.2d 637, 473 N.Y.S.2d 66 (1984);State v. Trieb, 315 N.W.2d 649 (N.D. 1982). Consequently, we hold that reckless manslaughter is a lesser offense included in intentional murder, the indicted offense.
 "A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561
(1934)." Phelps v. State, 435 So.2d 158, 164
(Ala.Cr.App. 1983).
"If recklessness suffices to establish an element [of an offense], that element also is established if a person acts knowingly and intentionally." Ala. Code 1975, § 13A-2-4 (c). "Under Alabama law, the rule in non-capital cases is that a lesser included offense instruction should be given if `there is any reasonable theory from the evidence which would support the position.'" Hopper v. Evans, 456 U.S. 605, 612,102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982) (quoting Fulghum v. State,291 Ala. 71, 277 So.2d 886 (1973)). *Page 798 
In the instant case, the evidence presented at trial is not consistent with a theory of "child abandonment or neglect." The photographs in the record of this case show that the storm sewer was not an open ditch, but a pipeline system intended to drain rainwater from the street with small openings beneath the curb level. The heavy iron manhole covers required a tool to be lifted. This is not a case of mere abandonment of a small child. This was much more. The evidence of the removal of the iron cover, the throwing or dropping of the child into the foul residue below to be washed away down the pipe, and the replacing the cover, led the jury to believe that the accused intended to cause the death of the child. We are unable to find any evidence to support the theory that the child was simply neglected or abandoned. The court did not err in refusing to charge the jury on a theory of reckless manslaughter.
AFFIRMED.
All the Judges concur.