Appellant Larry Bridges was convicted of murder and was sentenced to life imprisonment. The appellant, his brother, and the deceased were drinking wine. The brother had been dating the deceased's daughter. When the trio arrived at the deceased's home, the girl friend/daughter began an argument, so the deceased ordered the two boys to leave. The appellant drew a knife, and, according to the state's evidence, intentionally stabbed the deceased. The appellant later claimed that the daughter pushed the deceased into the appellant and onto the knife and that the death was an accident.
 I
The appellant argues that the trial court erred when it refused to give jury charges *Page 1224 
on the lesser included offense of manslaughter and criminally negligent homicide. "The defendant has the right to request instructions based upon any material hypothesis which the evidence in his favor tends to establish." Ex parte Stork,475 So.2d 623, 624 (Ala. 1985). In Stork, the accused was charged with first degree assault. The court held that even though Stork denied committing the offense, he was entitled to a jury instruction on the lesser included offense of third degree assault. The Alabama Supreme Court ruled that the lesser included offense charge was required where "one view of the facts would be that petitioner was involved in fighting withthe victim, although she denied that she either fought with the victim or that she stabbed the victim." Id. (Emphasis in original.) In this case, the appellant claimed that the deceased was accidentally pushed onto the knife the appellant was holding. Therefore, a theory exists which would support a jury charge on a lesser included offense and the accused is entitled to the charge. Williams v. State, 474 So.2d 178
(Ala.Cr.App. 1985). This rule obtains even though the theory of defense is weak and inherently improbable. Furthermore, there was evidence of intoxication of the appellant and the deceased. When specific intent is an element of the crime, as it is here, and evidence of intoxication exists, it is prudent to instruct the jury on the lesser included offense. Gray v. State,482 So.2d 1318 (Ala.Cr.App. 1985). In Gray, there was evidence of intoxication. This court held that the defendant, charged with murder, was entitled to have the jury instructed on the lesser included offense of manslaughter. Based upon "reasonable theory" grounds and the evidence of intoxication, we must hold that the trial court erred in refusing to charge on the lesser included offenses.
 II
We will not address the alleged error in systematic exclusion of members of the appellant's race, since we remand this cause for a new trial or other proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.