We granted this petition for writ of certiorari to determine whether issuing a worthless check, a violation of § 13A-9-13.1, Code of Alabama 1975, is a lesser included offense of theft by deception, § 13A-8-2(2), Code of Alabama 1975. The trial court refused to charge the jury on § 13A-9-13.1. We reverse and remand.
The case involves the following facts: Cathryn Mook advertised a man's ring for sale, and on January 2, 1984, she received a call from Beverly Oliver regarding the advertisement. Oliver inquired about the ring and requested directions to Mrs. Mook's house. Mrs. Mook agreed to sell Oliver the man's ring and two other pieces of jewelry (a lady's diamond ring and a diamond bracelet) for $7,250. Oliver paid for the jewelry by writing a check, which was drawn on First Alabama Bank and was made out to Mrs. Mook. The check was drawn on a closed account, and Oliver knew that the account was closed when she wrote the check.
Beverly Oliver was later indicted by the Montgomery County Grand Jury for theft by deception, § 13A-8-2(2), Code of Alabama 1975. During the trial, Oliver filed a written motion requesting the trial court to charge the jury on the offense of issuing a worthless check, an offense under § 13A-9-13.1, alleging that it was a lesser included offense under theft by deception. The trial court denied this motion. The trial court also refused to give two written *Page 706 
requested charges covering § 13A-9-13.1. Oliver's attorney duly objected to the trial court's refusal to give these charges. Oliver was thereafter convicted of theft by deception and was sentenced to 10 years' imprisonment. Oliver appealed to the Court of Criminal Appeals, which affirmed the judgment without an opinion, 502 So.2d 404. Oliver then filed a petition for writ of certiorari here.
We hold that the trial court erred when it refused to charge the jury on issuing a worthless check in violation of §13A-9-13.1, as a lesser included offense of theft by deception, under § 13A-8-2(2).
Section 13A-1-9, Code of Alabama 1975, sets forth the criteria for determining what is a lesser included offense. It provides as follows:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense. (Acts 1977, No. 607, p. 812, § 126.)"
A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position. Chavers v. State,361 So.2d 1106 (Ala. 1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886
(1973); and Williams v. State, 474 So.2d 178 (Ala.Crim.App. 1985).
In this case, Oliver was indicted and convicted of theft by deception under § 13A-8-2(2), Code of Alabama 1975, which states:
 "A person commits the crime of theft of property if he:
"* * *
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property. (Acts 1977, No. 607, p. 812, § 3201.)"
To make out a case of theft by deception, the state must prove three elements: (1) that the defendant knowingly obtained the property; (2) that the defendant obtained the property by deception; and (3) that the defendant intended to deprive the owner of the property. Loper v. State, 469 So.2d 707
(Ala.Cr.App. 1985). Deception occurs when a person knowingly "promises performance which the defendant does not intend to perform or knows will not be performed." Code of Alabama 1975, § 13A-8-1(1)(f); Andersen v. State, 418 So.2d 967
(Ala.Crim.App. 1982).
Code of Alabama 1975, § 13A-9-13.1, sets forth the elements of the crime of issuing a worthless check, as follows:
 "(a) A person commits the crime of negotiating a worthless negotiable instrument if he negotiates or delivers a negotiable instrument for a thing of value and with the intent, knowledge or expectation that it will not be honored by the drawee.
 "(b) For the purposes of this section, it is prima facie evidence that the maker or drawer intended, knew or expected that the instrument would not be honored if:
 "(1) The maker or drawer had no such account with the drawee at the time the negotiable instrument was negotiated or delivered, as determined according to section 7-3-503(2); or
 "(2) Payment was refused by the drawee for lack of funds, upon presentation within 30 days after delivery, *Page 707 
and the maker or drawer shall not have paid the holder thereof the amount due thereon, together with a service charge of not more than $10.00, within 10 days after receiving written notice from the holder of the instrument that payment was refused upon such instrument, as provided in section 13A-9-13.2; or
 "(3) Notice that payment was refused is mailed by certified or registered mail and is returned undelivered to the sender, when such notice is mailed within a reasonable time after dishonor to the address printed on the instrument or given by the maker or drawer at the time of issuance of the instrument.
 "(c) Negotiating a worthless negotiable instrument is a Class A misdemeanor.
 "(d) The definition of 'negotiable instrument' in section 7-3-104 applies to this section and sections 13A-9-13.2 and 13A-9-13.3.
 "(e) The definition of 'negotiation' in section 7-3-202 applies to this section and sections 13A-9-13.2 and 13A-9-13.3.
 "(f) The definition of 'delivery' in section 7-1-201(14) applies to this section and sections 13A-9-13.2 and 13A-9-13.3. (Acts 1980, No. 80-200, p. 279, § 1.)"
In order for a person to be convicted under this statute, it must be shown that the person negotiated or delivered a negotiable instrument in return for a thing of value with the intent, knowledge, or expectation that the negotiable instrument would not be honored by the drawee. Huguley v. Cityof Demopolis, 456 So.2d 879 (Ala.Crim.App. 1984). This statute was drafted as a means of "supplementing the ordinary laws of theft and false pretenses in the context of bad checks." Willis v. State, 480 So.2d 56, 58 (Ala.Crim.App. 1985).
Section 13A-1-9(a)(1) provides that a defendant may be convicted of an offense included in an offense charged, and issuing a worthless check is an included offense if it is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged, here, theft. In this case, the issuance of a worthless check can be established by the same facts as the charged offense of theft by deception. The only fact that is necessary to prove theft by deception that is not required for proving the issuance of a worthless check is the element of deception.
In this case, the facts established at trial were that Oliver wrote or issued a check for the jewelry, knowing that the check was drawn on a closed account and that it would not be honored. She then took possession of the jewelry. This evidence would support a conviction of theft by deception or a conviction of issuing a worthless check. This meets the requirement of §13A-1-9(b) that there be a rational basis for a verdict of guilty of the lesser included offense; therefore, we believe that the trial court erred when it refused to charge the jury on the offense of issuing a worthless check pursuant to §13A-9-13.1, Code of Alabama 1975.
The judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., and STEAGALL, J., not sitting.