The appellant was indicted by the Russell County grand jury for the murder of Xavier Terrell Lockett, a nine-month-old infant, in violation of § 13A-6-2, Code of Alabama (1975). Following a jury trial, the appellant was convicted of murder and was sentenced to a term of forty years' imprisonment.
The appellant contends that, with regard to the trial court's oral instructions to the jury pertaining to the charge of intentional murder of Xavier Terrell Lockett, the court erred to reversal in refusing to charge the jury on the lesser included offenses of manslaughter, criminally negligent homicide, and child abuse. Because the record of this case contains evidence which, if believed by the jury, could reasonably support a conviction of manslaughter, a charge on that lesser offense should have been given. This cause is therefore reversed and remanded.
The appellant, a 19 year old male, lived at the time of the offense with Carlotta Denise Lockett, the victim's mother, in a Phenix City public housing project. On the afternoon of Monday, September 23, 1985, Ms. Lockett left the victim and another child in the care of the appellant while she ran some errands. When she left home, *Page 1011 
the victim was on the living room sofa with the appellant and was not crying. When she arrived home at about 4:45 p.m., both the victim and the appellant were in the bedroom; the appellant was drawing and the victim appeared to be asleep on the corner of the bed. Sometime after 6:00 p.m., thinking that the victim had slept too long, Ms. Lockett went in to check on him. When the victim did not awaken after being shaken by her, and she noticed that his feet felt "cold as ice," Lockett ran to her aunt's house and told her that the victim was not breathing or moving. The aunt went to see about the victim and determined that the victim was dead. The victim was taken by ambulance to a hospital, and was there pronounced dead. Lockett told the appellant of the victim's death that same evening.
On September 24, 1985, an autopsy of the victim was performed by Dr. Thomas Gilchrist, who discovered internal evidence of blunt force trauma to the head, including deep bruising under the scalp, and a fracture of the skull. He also found external and internal evidence of injury to the torso or trunk of the victim's body. Gilchrist stated at trial that, in his opinion, the victim died of blunt trauma to the abdomen and that such injuries were consistent with having been caused by pressure from the hands of a large person, although he also testified that the injuries could have been caused by other means, such as by falling or being thrown against something. Gilchrist further testified that, in his opinion, the injuries suffered by the victim did not result from an accidental cause.
Two days after the victim's death, the appellant, in response to an earlier visit from police, came to the Phenix City Police Department, where he was interviewed by Officer Barbara LeGrand and others. During the course of the questioning, the appellant made a taped statement, which was admitted into evidence at trial. In this statement, the appellant admitted that he played with the victim by throwing him into the air, and that sometimes he failed to catch him, and that the child would hit the floor. The appellant stated that on the day the victim died he threw him onto the bed, but that the victim instead hit the floor next to the window. The appellant also stated that he would sometimes squeeze things uncontrollably, and that he had squeezed the victim on the day of his death.
At trial, the appellant testified that he liked to play roughly with the victim. Ms. Lockett, the victim's mother, likewise testified that the appellant played with him in a rough manner. The appellant also testified at trial that the victim's head hit on the floor when the appellant threw him on the bed. The appellant testified that, in the course of questioning at the police station, when he was asked by Officer LeGrand whether he realized that he had hurt the baby by squeezing him, the appellant replied "Well, yes, ma'am." Finally, the appellant testified that he told LeGrand during questioning that he sometimes "exploded" suddenly when children got on his nerves by yelling or crying.
The criteria for determining what is a lesser included offense is set forth in § 13A-1-9, Code of Alabama (1975), which provides as follows:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a *Page 1012 
verdict convicting the defendant of the included offense. (Acts 1977, No, 607, p. 812, § 126.)"
A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position. Ex parte Oliver,518 So.2d 705, 706 (Ala. 1987); Chavers v. State, 361 So.2d 1106 (Ala. 1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (Ala. 1973); Williams v. State, 474 So.2d 178 (Ala.Cr.App. 1985). An accused is entitled to have the court charge on lesser included offenses where there is a reasonable theory from the evidence to support his position, "regardless of whether the State or the defendant offers the evidence." Pruitt v. State,457 So.2d 454, 457 (Ala.Cr.App. 1984), cert. denied, Ex parte Pruitt,457 So.2d 456 (Ala. 1984), citing Chavers, supra. Every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, or doubtful in credibility. Ex parte Stork, 475 So.2d 623 (Ala. 1985);Anderson v. State, 507 So.2d 580, 583 (Ala.Cr.App. 1987).
 "The 'safer' practice is to charge upon all degrees of homicide: '[I]t is much the safer rule to charge upon all the degrees of homicide . . . when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.' Pierson v. State, 99 Ala. 148, 153, 13 So. 550 (1892), approved in Williams v. State, 251 Ala. 397, 399, 39 So.2d 37 (1948)."
Phelps v. State, 435 So.2d 158, 163 (Ala.Cr.App. 1983).
In the case sub judice, the appellant was indicted and convicted under § 13A-6-2, Code of Alabama (1975), which states in pertinent part:
"(a) A person commits the crime of murder if:
 "(1) With intent to cause the death of another person, he causes the death of that person or of another person; or
 "(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person. . . ."
The elements of the crime of reckless manslaughter are set forth in § 13A-6-3, Code of Alabama (1975), which states as follows:
 "(a) A person commits the crime of manslaughter if:
 "(1) He recklessly causes the death of another person. . . ."
The degree of recklessness which will support a manslaughter conviction involves a circumstance which is a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation, but the degree is not so high that it cannot be fairly distinguished from the mental state required in intentional homicide. Ex parte Weems, 463 So.2d 170
(Ala. 1984).
Alabama courts have held on numerous occasions that reckless manslaughter is a lesser offense included in intentional murder. Ex parte Weems, supra; Paige v. State, 494 So.2d 795
(Ala.Cr.App. 1986) (and cases cited therein). To determine whether the trial court erred in refusing to charge the jury on manslaughter, this Court must determine whether there is a reasonable theory from the evidence to support the lesser offense. Myers v. State, 401 So.2d 288 (Ala.Cr.App. 1981).
There was evidence that on the day of the victim's death, the appellant threw the victim toward the bed and that the victim's head hit on the floor. Evidence also indicated that the appellant frequently played with the victim by throwing him into the air, but that sometimes the appellant failed to catch him and he would hit the floor. The appellant said he sometimes squeezed the victim tightly with his hands, even though he knew that this could injure him. This evidence would satisfy the requirement of § 13A-1-9(b), that there be a rational basis for a verdict of guilty of the lesser included offense, and would support a conviction of manslaughter. Therefore, this Court must hold that the trial court *Page 1013 
erred in refusing to charge the jury on the offense of manslaughter.
In so holding, however, this Court finds that the trial court correctly refused the appellant's requested charges as to the offenses of criminally negligent homicide and child abuse. Initially, we note:
 "The only difference between manslaughter under Section 13A-6-3(a)(1), and criminally negligent homicide is the difference between recklessness and criminal negligence. 'The reckless offender is aware of the risk and "consciously disregards it." On the other hand, the criminally negligent offender is not aware of the risk created ('fails to perceive') and, therefore, cannot be guilty of consciously disregarding it.' Commentary to Section 13A-2-2. 'The difference between the terms "recklessly" and "negligently" . . . is one of kind, rather than degree. Each actor creates a risk of harm. The reckless actor is aware of the risk and disregards it; the negligent actor is not aware of the risk but should have been aware of it.' C. Torcia, 1 Wharton's Criminal Law, Section 27 (14th ed. 1978) (emphasis in original)."
Phelps v. State, 435 So.2d 158, 164 (Ala.Cr.App. 1983).
The evidence contained in the record strongly suggests that this is not a case of the inadvertent risk that is characteristic of criminally negligent homicide. The appellant, understanding the risk involved to the safety and life of the victim, nevertheless chose to engage in reckless conduct. Thus, in this Court's opinion, there was no rational basis for a verdict of criminally negligent homicide, and the trial court properly refused to charge the jury on that offense.
Additionally, this Court finds that the trial court correctly refused to charge the jury on the lesser included offense of child abuse, because there is no reasonable theory from the evidence to support such a charge. Haynes v. State,461 So.2d 869 (Ala.Cr.App. 1984); Clark v. State, 451 So.2d 368
(Ala.Cr.App. 1984). The evidence presented demonstrated a completed homicide, and nothing short thereof. See generally,Kinder v. State, 515 So.2d 55, 72 (Ala.Cr.App. 1986); Hollinsv. State, 415 So.2d 1249, 1253 (Ala.Cr.App. 1982).
REVERSED AND REMANDED.
All Judges concur.