The appellant was indicted by the Jefferson County grand jury for murder, in violation of § 13A-6-2, Code of Alabama (1975). The appellant was convicted of *Page 425 
murder and was sentenced to a term of 30 years' imprisonment.
The appellant's sole contention is that the trial court erred in refusing to charge the jury as to the lesser included offenses of manslaughter and criminally negligent homicide. This Court finds that there was sufficient evidence which, if believed by the jury, would have reasonably supported a conviction for the lesser included offense of manslaughter.
The record of this case showed that, at about 8:00 p.m. on May 31, 1986, Officer Phillip Coker received a radio dispatch instructing him to proceed to a residence in Bessemer. Upon arriving and approaching the front door, Officer Coker and his partner, Officer Larry Waldrop, observed a black female, later identified as Brenda Green, lying on the floor, with the appellant on his hands and knees bent over her. A revolver was lying beside the victim. Officers Coker and Waldrop entered the house and instructed the appellant to move away from the victim. Officer Coker testified that the appellant stated that he and the victim were fighting, and that she got shot. The appellant was placed in a police car and given hisMiranda rights by Officer Coker, who testified that the appellant had alcohol on his breath but did not slur his speech and was not unsteady on his feet. When asked what had happened, the appellant stated that he had just come home, and that he and the victim, who had a gun, had argued about where he had been. The appellant told Officer Coker that the victim shot at him and chased him to the front of the house, where another confrontation occurred. The appellant stated that he turned and grabbed the gun, that the victim and he wrestled with it, and that the victim got shot.
Sergeant Roddy Howell testified that he was in charge of the investigation of this incident. Howell testified that he observed a beer can on a table in the room where the shooting took place. Howell further testified that he saw the appellant at the Bessemer Police Department approximately 2 hours after the shooting had occurred, and that at that time he smelled of alcohol and slurred his speech.
William Shepherd testified on behalf of the appellant that he and the appellant left work together between 2:30 p.m. and 3:00 p.m. on the afternoon of the shooting. At this time, he said they and three other co-workers purchased a case and a half of "tell" Budweiser, and went to Joe Bonner's house to drink beer and watch television. Shepherd stated that they dropped the appellant off at the house which the victim and he shared, sometime between 6:00 p.m. and 6:30 p.m., and that he did not know whether the appellant was intoxicated at that time.
The criteria for determining what is a lesser included offense is set forth in § 13A-1-9, Code of Alabama (1975), which states in pertinent part as follows:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." (Emphasis supplied.)
In Allen v. State, 546 So.2d 1009 (Ala.Cr.App. 1988), this Court held the following concerning jury charges on lesser included offenses:
 "A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position. Ex parte Oliver, 518 So.2d 705, 706 (Ala. 1987); Chavers v. State, 361 So.2d 1106 (Ala. 1978); Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (Ala. 1973); Williams v. *Page 426 State, 474 So.2d 178 (Ala.Cr.App. 1985). An accused is entitled to have the court charge on lesser included offenses where there is a reasonable theory from the evidence to support his position 'regardless of whether the State or the defendant offers the evidence.' Pruitt v. State, 457 So.2d 454, 457 (Ala.Cr.App. 1984), cert. denied, Ex parte Pruitt, 457 So.2d 456 (Ala. 1984), citing Chavers, supra. Every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, or doubtful in credibility. Ex parte Stork, 475 So.2d 623 (Ala. 1985); Anderson v. State, 507 So.2d 580, 583 (Ala.Cr.App. 1987)."
Id. at 1012.
In Phelps v. State, 435 So.2d 158 (Ala.Cr.App. 1983), this Court held the following:
 "The 'safer' practice is to charge upon all degrees of homicide: '[I]t is much the safer rule to charge upon all the degrees of homicide included in the indictment, when a party is on trial for murder, unless it is perfectly clear to the judicial mind that there is no evidence tending to bring the offense within some particular degree.' Pierson v. State, 99 Ala. 148, 153, 13 So. 550 (1892), approved in Williams v. State, 251 Ala. 397, 399, 39 So.2d 37 (1948)."
Id. at 163.
In the instant case, the appellant was convicted of murder under § 13A-6-2(a)(1), Code of Alabama (1975), which states as follows:
"(a) A person commits the crime of murder if:
 "(1) With intent to cause the death of another person, he causes the death of that person or of another person. . . ."
The elements of manslaughter under the particular facts of this case are set forth in § 13A-6-3(a)(1), Code of Alabama (1975), which provides that:
 "(a) A person commits the crime of manslaughter if:
 "(1) He recklessly causes the death of another person. . . ."
Because manslaughter under this section differs from murder under § 13A-6-2 only with respect to the degree of culpability, it may be a lesser included offense of murder. See §13A-1-9(a)(4), Code of Alabama (1975).
While voluntary intoxication is never a defense to a criminal charge, it may negate the specific intent essential to a malicious killing and reduce it to manslaughter. § 13A-3-2,Code of Alabama (1975) (Commentary). " 'When the crime charged involves a specific intent, such as murder, and there is evidence of intoxication, the trial judge should instruct the jury on the lesser included offense of manslaughter.' Gray v.State, 482 So.2d 1318, 1319 (Ala.Cr.App. 1985)." McNeil v.State, 496 So.2d 108, 109 (Ala.Cr.App. 1986).
Testimony presented in the case sub judice indicated that the appellant and a number of his co-workers had been drinking beer for several hours prior to the shooting. Although the record does not state how many beers the appellant drank, both Officers Coker and Howell testified that the appellant smelled of alcohol when they came to investigate the incident. Moreover, Sergeant Howell testified that there was a can of beer in the room in which the victim was killed, and that the appellant's speech was slurred. While this evidence does not conclusively prove that the appellant was intoxicated when he shot the victim, it does raise the possibility. The facts of this case warranted a charge as to manslaughter, and the trial court erred in refusing to give such a charge.
The State argues that, because the appellant contends that the shooting occurred accidentally, he is guilty of murder or he has committed no crime at all. Our Supreme Court rejected this argument in Ex parte Stork, 475 So.2d 623 (Ala. 1985), wherein the Court held that, even where the appellant denied committing the charged offense of assault in the first degree, she was entitled to a jury instruction on a lesser included offense where such a charge was justified by the evidence. See also Bridges v. State, 504 So.2d 1223 *Page 427 
(Ala.Cr.App. 1987); Coon v. State, 494 So.2d 184 (Ala.Cr.App. 1986). Since in the present case, one view of the facts would be that when the appellant shot the victim he was too intoxicated to form the requisite intent, he was entitled to a jury charge on the offense of manslaughter.
Although the appellant further contends that he is entitled to a jury charge on the offense of criminally negligent homicide, it is this Court's opinion that such a charge is not supported by the evidence in this case.
For the foregoing reasons, the judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.