■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PHILIPSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 29, 1986, convicting him of attempted assault in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of charges stemming from an incident in which he accosted a woman in a parking lot and fired two shotgun blasts at her car as she drove away. The defendant is diabetic, and, at trial, he argued that he was unable to form the requisite intent as a result of undermedication of insulin (see, Penal Law § 15.25; cf., People v Morton, 100 AD2d 637).

The trial court properly excluded evidence that the defendant had been hospitalized shortly after the incident because of a lack of insulin. No expert testimony was offered to explain what effect a lack of insulin would have on an individual or how long it would take for the defendant's condition to develop, and the introduction of the records would have merely confused the jury (see, People v Davis, 43 NY2d 17, 27; see also, Richardson, Evidence § 4 [Prince 10th ed]). Although

the defendant's girlfriend testified about how the defendant behaved when he did not take his insulin, her testimony was not such as to permit "a reasonable person to entertain a doubt as to the element of intent" *(People v Perry,* 61 NY2d 849, 850). Furthermore, the defendant's girlfriend also testified that the defendant told her that he had taken the insulin on the day of the occurrence.

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.