TYSON, Judge.
Otis Nelson Gray was indicted for intentional murder in violation of § 13A-6-2, Code of Alabama 1975. The jury found him guilty of the lesser included offense of manslaughter. He was sentenced to life imprisonment. On appeal, he contends that the evidence was insufficient to support the verdict. We disagree.
The record reveals that the jury was charged on intentional murder, manslaughter, and criminally negligent homicide. Specifically, the jury was charged on “heat of passion” manslaughter, which is set out in Ala.Code 1975, § 13A-6-3(a)(2). The record reveals that the appellant requested this charge and did not object to it. Apparently, the appellant now contends that the proper charge would have been one on “reckless” manslaughter pursuant to § 13A-6-3(a)(1). The record reveals that the appellant never requested such a charge and did not object to the charges at the close of the court’s oral charge to the jury. See § 12-16-13, Code of Alabama 1975, as amended. The appellant now argues that such a charge was not requested because, he argues, reckless manslaughter is not a lesser included offense of intentional murder. The appellant is incorrect. Reckless manslaughter may be a lesser included offense of intentional murder. Paige v. State, 494 So.2d 795 (Ala.Crim.App.1986). See also Anderson v. State, 507 So.2d 580 (Ala.Crim.App.1987) (trial court erred in not instructing jury on reckless manslaughter and heat of passion manslaughter as lesser included offenses of intentional murder).
*1011 The appellant further contends that there was insufficient evidence that the victim’s death was the result of a sudden heat of passion caused by provocation recognized by law. The record reveals that the victim (hereinafter referred to as “Duck”) had been staying at the appellant’s house. Duck’s mother came to the appellant’s house on the day of the incident and gave him $20.00 for letting Duck spend the night. Duck became angry. Duck came back to the appellant’s house between 2:30 p.m. and 4:00 p.m. and told him he wanted the $20.00 or he would kill him. Duck returned to the appellant’s house again between 8:00 p.m. and 9:00 p.m. and told him he wanted his $20.00. The appellant told Duck he only had $7.00 or $8.00 left of the money, but Duck wanted the $20.00.
The appellant left his house and walked down the street to a club called the “Ice House”. Duck followed him into the club. The appellant then left the club to buy a six-pack of beer at the Ice House. When the appellant came out of the store, Duck was in the doorway holding a newspaper. The appellant left the store and crossed to the other side of the street. Duck ran across the street and rushed the appellant. He cursed at the appellant and threatened to kill him if he did not give him the $20.00 dollars. The appellant turned around, “came out with a pistol,” and shot Duck. (R. 144). The appellant testified that he shot at Duck because he was afraid, but that he did not intend to hurt him. There was testimony that Duck had a reputation for violence.
Booker Washington could see the Ice House from his house. He saw the appellant leave the store and saw Duck within calling distance of the appellant. Duck called to the appellant. Washington left the window to answer the phone. He heard a gunshot. He went back to the window and saw a gun in the appellant’s hand. He went outside and saw Duck lying behind a dumpster, holding his stomach. Duck was not holding a weapon, nor was there a weapon in Duck’s vicinity. Duck subsequently died from the gunshot.
“A person commits the crime of manslaughter if he recklessly causes the death of another person under circumstances that would constitute murder under § 13A-6-2, except that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself.”
Ala. Code § 13A-6-3(a)(2) (1975).
“Section 13A-6-3(a)(2) is designed to cover those situations where the jury does not believe the defendant is guilty of murder but also does not believe the killing was justified by self defense.” Shultz v. State, 480 So.2d 73, 76 (Ala.Crim.App.1985). See also Hill v. State, 516 So.2d 876 (Ala.Crim.App.1987). What constitutes legal provocation is left to the trial judge’s interpretation. Shultz. The appearance of imminent assault may be sufficient to arouse heat of passion. Cox v. State, 500 So.2d 1296 (Ala.Crim.App.1986). Whether heat of passion is sufficiently proven is a question for the jury. Cox; Geter v. State, 468 So.2d 197 (Ala.Crim.App.1985). “A verdict of conviction will not be set aside on the ground of insufficiency, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.” Johnson v. State, 378 So.2d 1164, 1169 (Ala.Crim.App.), cert. quashed, 378 So.2d 1173 (Ala.1979). See also Freeman v. State, 505 So.2d 1079 (Ala.Crim.App.1986).
We find that the evidence was sufficient for a finding of legal provocation and that such provocation caused a sudden heat of passion. The jury could have reasonably found that the appellant believed that Duck was about to assault him and acted out of a sudden heat of passion.
For the reasons set out above, this cause is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.