Ladolphus Zeliska Moore, the appellant, was convicted of discharging a firearm into an occupied vehicle in violation of Ala. Code 1975, § 13A-11-61 (Supp. 1993). He was sentenced to 20 years' imprisonment. On this direct appeal from that conviction, he argues that the trial court erred in refusing his requested jury instructions on the lesser included offenses of attempted assault in the second degree, attempted assault in the third degree, and menacing.
 "[I]t is well settled that '[a] defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position.' Ex parte Oliver, 518 So.2d 705, 706 (Ala. 1987). Accord, Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). This is true even where 'the defendant denies the charge,' Ex parte Pruitt, 457 So.2d 456, 457 (Ala. 1984), and 'the evidence supporting the defendant's position is offered by the State.' Silvey v. State, 485 So.2d 790, 792 (Ala.Cr.App. 1986). Accord, Ex parte Stork, 475 So.2d 623, 624 (Ala. 1985)."
Starks v. State, 594 So.2d 187, 195 (Ala.Cr.App. 1991).
The offense occurred on the night of November 30, 1992, following a junior high school basketball game between Loachapoka Junior High School and Notasulga Junior High School held at Loachapoka High School. After the game, there was a fight between the students from the two schools. Marvin Davis, accompanied by his 15-year-old son, drove his pickup truck behind the Notasulga team bus as the team returned home after the game. He testified that he "was fearful that the kids would go down the road and probably throw bricks or something at the school bus. So I got between the school bus and the cars." R. 40-41. He testified that "[a] couple of times the two cars behind me tried to pass and I put my truck in the middle of the road to keep them from passing." R. 42. Shots were fired from the direction of the two cars behind Davis. His pickup truck was struck once in the rear tailgate by a .32 caliber bullet.
An investigation determined the identity of the students in the two cars that were behind Davis when the shooting occurred. Amondo Zellars, a 15-year-old student at Loachapoka High School testified that he and the appellant were in the back seat of one of the cars. *Page 45 
He stated: "Uh, we was going down the road and this truck was in front of us and the truck wouldn't let us pass and so Squat [the appellant] got out the window and started shooting, I don't know what kind of gun he had but he was shooting. . . . He shot about two or three [times]." R. 129-30. Other students who were passengers in the two vehicles implicated the appellant in the shooting and testified that after the shooting the appellant stated, "Don't tell anybody we were shooting" and warned them especially not to tell the police. R. 77, 86-87, 98, 116-17, 131.
The 19-year-old appellant testified in his own behalf and denied any knowledge of the shooting.
The appellant was charged with discharging a firearm into an occupied vehicle. Section 13A-11-61(a), Ala. Code 1975, defines this crime and provides:
 "No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building or railroad locomotive or railroad car, aircraft, automobile, truck or watercraft in this state."
Discharging a firearm into an occupied vehicle is a Class C felony. § 13A-11-61(c).
The appellant claims error in the refusal of his requested charges # 1, # 2, # 3, and # 5.
Requested charge # 2 merely restated the definition of assault in the second degree contained in Ala. Code 1975, § 13A-6-21(a). That charge was properly refused, among other possible reasons, because the form of assault in the second degree as defined in subsection (a)(4)[1] had nothing to do with the facts of this case.
Requested charge # 3 merely restated the definition of assault in the third degree contained in Ala. Code 1975, §13A-6-22(a). That charge was properly refused, among other possible reasons, because the form of assault in the third degree as defined in subsection (a)(4)[2] had nothing to do with the facts of this case.
Requested charge # 1 stated: "A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." C.R. 11. This charge was requested in connection with requested charges # 2 and # 3, which defined assault, and was properly refused because requested charges # 2 and # 3 were properly refused.
Requested charge # 5 merely restated the definition of menacing contained in Ala. Code 1975, § 13A-6-23, which provides:
 "(a) A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.
"(b) Menacing is a Class B misdemeanor."
The trial court properly charged the jury as requested on the crime of reckless endangerment[3] as a lesser included offense. Farmer v. State, 565 So.2d 1238, 1240 (Ala.Cr.App. 1990) (reckless endangerment may be a lesser included offense of discharging a firearm into an occupied dwelling). *Page 46 
Even though the jury was instructed that reckless endangerment was a lesser included offense, the appellant was still found guilty of the crime of discharging a firearm into an occupied vehicle. For that reason, we find the error, if any, in the failure of the trial court to instruct the jury on menacing as a lesser included offense harmless. Any speculation that the jury might have found the defendant guilty of menacing had it been instructed that that offense was a lesser included offense is dissipated by the facts that the jury did not find the appellant guilty of reckless endangerment and, instead, found him guilty of the greater offense — discharging a firearm into an occupied vehicle. SeeBrown v. State, 623 So.2d 416, 420-21 (Ala.Cr.App. 1993);Phelps v. State, 435 So.2d 158, 166-67 (Ala.Cr.App. 1983). Because the jury was given a choice of finding the appellant guilty of the charged offense or of reckless endangerment as a lesser included offense, and because the jury found the appellant guilty of the greater offense, "we must logically conclude that an instruction on . . . [a lesser included offense], although proper, would not have affected the outcome of this case." Ex parte Jordan, 486 So.2d 485, 489 (Ala. 1986). See also Britton v. State, 631 So.2d 1073, 1080 (Ala.Cr.App. 1993) (failure to charge on vehicular homicide as a lesser included offense of murder harmless error where the jury was instructed on lesser included offenses of manslaughter and criminally negligent homicide and found defendant guilty of murder); Brown v. State, 623 So.2d 416, 420-21 (Ala.Cr.App. 1993) ("instruction on . . . [a lesser included offense], although proper, would not have affected the outcome" of case where jury was instructed on capital murder and felony murder, and convicted defendant of capital murder); Bradford v. State,512 So.2d 134, 136-37 (Ala.Cr.App. 1987) (failure to instruct on criminally negligent homicide harmless where jury was instructed on murder and manslaughter and convicted defendant of murder); Bartlett v. State, 600 So.2d 336, 341 (Ala.Cr.App. 1991) (failure to instruct on vehicular homicide as lesser included offense of murder harmless where jury was instructed on lesser included offenses of manslaughter and criminally negligent homicide and convicted defendant of murder). CompareEx parte Long, 600 So.2d 982, 986 (Ala. 1992) (failure to instruct on vehicular homicide as lesser included offense of murder was not harmless where jury instructed on murder, manslaughter, and criminally negligent homicide, and defendant convicted of manslaughter).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] Ala. Code 1975, § 13A-6-21(a)(4), provides:
 "(a) A person commits the crime of assault in the second degree if:
 "(4) For a purpose other than lawful medical or therapeutic treatment, he intentionally causes stupor, unconsciousness or other physical or mental impairment or injury to another person by administering to him, without his consent, a drug, substance or preparation capable of producing the intended harm.
 "(b) Assault in the second degree is a Class C felony."
[2] Ala. Code 1975, § 13A-6-22(a)(4), provides:
 "(a) A person commits the crime of assault in the third degree if:
". . . .
 "(4) With intent to prevent a peace officer from performing a lawful duty, he causes physical injury to any person.
 "(b) Assault in the third degree is a Class A misdemeanor."
[3] Ala. Code 1975, § 13A-6-24, provides:
 "(a) A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.
 "(b) Reckless endangerment in a Class A misdemeanor."