MURDOCK, Justice
(dissenting).
This case does not involve the doctrine of transferred intent. See, e.g., Carter v. State, 843 So.2d 812 (Ala.2002). Given the limited testimony as to the relative physical positions of the various actors immediately before S.J. was shot, I cannot conclude that the trial court properly withheld from the jury the decision whether the circumstances presented in this case involve recklessness of the nature contemplated by § 13A—6—3(a)(1), Ala.Code 1975 (defining reckless manslaughter), or recklessness of the more extreme nature contemplated in § 13A-6-2(a)(2), Ala.Code 1975 (defining reckless murder). See McLaughlin v. State, 586 So.2d 267, 271 (Ala.Crim.App.1991) (defining recklessness under § 13A-6-3(a)(l) (reckless manslaughter) as being present when the actor “ ‘ “consciously disregard[s] a substantial and unjustifiable risk that his conduct would cause that result” ’ ” (quoting Ex parte Weems, 463 So.2d 170, 172 (Ala.1984))); Ex parte Weems, 463 So.2d at 172 (“In providing that homicide committed ‘recklessly under circumstances manifesting extreme indifference to human life’ constitutes murder [under § 13A-6-2(a)(2) ], the drafters of the model code were attempting to define a degree of recklessness ‘that cannot be fairly distinguished from homicides committed purposely or knowingly.’ Model Penal Code and Commentaries, § 210.02, Comment, 4 (1980).”); Ex parte Oliver, 518 So.2d 705, 706 (Ala.1987) (“A defendant is entitled to a charge on a lesser included offense if there is any reasonable theory from the evidence that would support the position.”); and Breckenridge v. State, 628 So.2d 1012, 1016 (Ala.Crim.App.1993) (“[Ejvery accused is entitled to have charges given which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.”).
Based on the foregoing, I would affirm the judgment of the Court of Criminal Appeals; therefore, I dissent.