We deny the writ because defendant has failed to comply with Rule 39, A.R.A.P., in presenting additional facts not contained in the opinion of the Court of Criminal Appeals. In denying the writ, we are not to be understood as approving the holding of the Court of Criminal Appeals that "where a defendant denies the event in toto, the court is not obliged to charge on a lesser included offense." 457 So.2d 454 (Ala.Crim.App. 1979). The accused is entitled to have the trial court charge on lesser included offenses where there is a reasonable theory from the evidence supporting defendant's position, regardless of whether the State or defendant offers the evidence. SeeChavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). The Court of Criminal Appeals reached the correct result in Williams, a case "where the only reasonable conclusion from the evidence is that the defendant is guilty of robbery [the greater offense] or no crime at all." 377 So.2d at 637. If, however, the defendant denies the charge but the evidence presented by the State suggests a reasonable theory supporting a charge on a lesser offense, the trial court is obliged to give a charge on the lesser offense when requested.
WRIT DENIED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.