We granted the writ of certiorari to the Court of Criminal Appeals on the issue of whether that court's decision,512 So.2d 782 (Ala.Crim.App. 1986), was in conflict with prior decisions of this Court in holding *Page 787 
that the trial court did not err in refusing the petitioner's written requested charge as to a lesser included offense.
The petitioner, James W. Stephens, was convicted under six separate indictments for the sale of codeine and dextropropoxyphene in violation of Code 1975, § 20-2-70. This conviction was the culmination of a Montgomery Police Department investigation of Stephens for dispensing drugs from Sav-Mart Pharmacy without proper prescriptions.
At trial, a number of state witnesses testified that Stephens sold them the controlled substances without a prescription or without oral authorization from the prescribing physician's office when the prescription stated "non-refillable." There was also testimony to the effect that a large number of drugs were missing from the Sav-Mart Pharmacy and could not be accounted for through Stephens's pharmaceutical records. Stephens maintains as his defense that he sold drugs to these people, but only after he received oral authorization from their physicians.
In the defendant's requested jury charge No. 14, he asked the trial court to charge the jury on the offense of failure to keep proper records, a misdemeanor, which he claimed was a lesser included offense as to the offense charged. This request was refused. That requested jury charge No. 14 read as follows:
 "The indictment charges the Defendant with the felony of selling, furnishing or giving away controlled substances in violation of Sections 20-2-58 and 20-2-71 Code of Alabama, 1975. That charge also includes the lesser offense which is a misdemeanor of refusing or failing to make, keep or furnish any record, notification, order form, statement, invoice or information required under Chapter 2 of Title 20, Code of Alabama, 1975. In the course of these instructions, I will try to define to you each of the elements, both in the felony charge, which is written out in the indictment, and the misdemeanor, which is not written but as a matter of law is an integral part of the offense charged."
Stephens's counsel objected to the court's refusal to give that charge:
 "Let the record show that after the Judge's charge and before the jury retired he asked if there were any objections to the record [sic], and the Judge asked me to put these objections on the record, and show that he had overruled them.
 "We object to the part of the oral charge which refused charge on the lesser included offense, that lesser included offense being the failure of the defendant to keep proper records as required by law. And we emphasize that we had requested . . . charge number 14, and the Judge, in his handwritten notes, indicated that he did not think it was a lesser included offense. We submit that in light of Title 20 and Title 34 read together. [and] in light of punishment which the law prescribed under these sections, the law also includes a lesser included offense, which is a misdemeanor, for refusing or failing to make, keep or furnish any record, notation, order form, statement, invoice, et cetera, as required under those two code sections, and that the jury could be convicting this defendant to his prejudice on a felony, for a mere failure to keep records, which should be a misdemeanor. And we think that lesser included offense should have been charged."
Under Code 1975, §§ 20-2-58(c) and 20-2-70, it is a felony for a pharmacist to sell the controlled substances referred to in Stephens's indictments, codeine and dextropropoxyphene, without a written or oral prescription. In addition, even if there is a prescription, the pharmacist is prohibited from filling or refilling it more than six months after the date thereof or refilling it more than five times, unless it is renewed by the prescribing physician. Code 1975, § 20-2-58(c).
Under Code 1975, §§ 20-2-71(a)(3) and 34-23-70(i) and (m), it is a misdemeanor for a pharmacist as a first-time offender to fail to keep inventories and records of all controlled substances and a prescription file for schedule III, IV, and V controlled substances. *Page 788 
(Codeine is a schedule III controlled substance and dextropropoxyphene is a schedule IV controlled substance.)
The first question we must address is whether the failure to keep records of prescriptions is a lesser included offense of the offense charged — unlawful sale of controlled substances without a prescription. We hold that it is.
Section 13A-1-9, Code 1975, defines a "lesser included offense" as follows:
"(a) . . . An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission."
Stephens was convicted of selling controlled substances without written or oral prescriptions. Stephens contends that he had an oral prescription from the prescribing physician in each case; however, he says, he neglected to make proper record of their authorization.
The one element separating the two offenses is authorization by a prescribing physician to sell the controlled substance. If there is no authorization, sales by a pharmacist of controlled substances are in violation of Code 1975, §§ 20-2-58(c) and20-2-70. However, if there is authorization, but no record of the prescription, then, at the very most, sales by a pharmacist of controlled substances are in violation of Code 1975, §§20-2-71(a)(3) and 34-23-70(i) and (m).
Clearly, the misdemeanor offense of failing to keep a proper record of prescriptions is "established by proof of the same or fewer than all the facts required to establish the commission of the [felony] offense charged [for the sale of controlled substances without a prescription]." Code 1975, §13A-1-9(a)(1). Accordingly, we hold that the misdemeanor offense by a pharmacist of failing to keep proper records of prescriptions is a lesser included offense of the felony offense by a pharmacist of selling controlled substances without a prescription.
The second and final question we must address is whether Stephens was entitled to a charge on the lesser included offense.
Section 13A-1-9, Code 1975, also provides:
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
At trial, Stephens testified that he failed to record prescriptions. Another witness testified that controlled substances were missing from Sav-Mart Pharmacy and could not be accounted for through Stephens's records. A doctor testified that it was possible that Stephens called him for an oral prescription, even though his records did not indicate that such a call was made.
This Court has held:
 "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which *Page 789 
would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934)."
Ex parte Chavers, 361 So.2d 1106 (Ala. 1978).
There was evidence offered in this case which, if believed by the jury, could establish that Stephens indeed had oral prescriptions before dispensing the drugs, but failed to properly document them. Accordingly, the trial court erred in refusing to charge the jury on the lesser included offense.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
All Justices concur, except ALMON, BEATTY and ADAMS, JJ., not sitting.