Timothy Dean Pettiway was convicted for two crimes of sexual misconduct and for kidnapping in the second degree. Sentence was twelve months' imprisonment in the county jail on each conviction for sexual misconduct and three years' imprisonment in the state penitentiary for kidnapping. All three sentences were ordered to run concurrently. Three issues are raised on this appeal from those convictions. *Page 369 
 I
Pettiway argues that the refusal of the trial judge to instruct the jury on unlawful imprisonment constitutes error because unlawful imprisonment in the second degree is a lesser included offense of kidnapping in the second degree.
The test for determining whether one offense is a lesser included offense of another offense is statutory. "An offense is an included one if: (1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." Alabama Code 1975, §13A-1-9(a)(1).
"A person commits the crime of kidnapping in the second degree if he abducts another person." § 13A-6-44(a). "A person commits the crime of unlawful imprisonment in the second degree if he restrains another person." § 13A-6-42(a). "Restrain" is defined in § 13A-6-40(1). "Abduct" is defined in § 13A-6-40(2) as "[t]o restrain. . . ." Therefore, it follows that unlawful imprisonment in the second degree does constitute a lesser included offense of kidnapping in the second degree. See Peoplev. Tillman, 69 A.D.2d 975, 416 N.Y.S.2d 102, 103 (1979) (unlawful imprisonment in the first degree is a lesser included offense of kidnapping in the second degree). See also the commentary following § 13A-6-44 ("Even if defendant releases the victim in a safe place . . ., he may be convicted of kidnapping in the second degree, unlawful imprisonment in either degree.").
However, "[t]he court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." § 13A-1-9(b). "A defendant is not entitled to charges on lesser included offenses where the only reasonable conclusion from the testimony is that he is guilty of the crime charged or no crime at all." Ex parte Kennedy, 472 So.2d 1106, 1114 (Ala.), cert. denied, Kennedy v. Alabama, 474 U.S. 975, 106 S.Ct. 340,88 L.Ed.2d 325 (1985). See also Ex parte Pruitt, 457 So.2d 456,457 (Ala. 1984); Chavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). See also Ex parte Jones, 521 So.2d 1063 (Ala. 1988);Ex parte Stephens, 512 So.2d 786 (Ala. 1987).
The charges against Pettiway were consolidated for trial with the cases against Daniel Hollenquest and Andra Carter. The victim testified that, around 12:30 on the morning of December 13, 1985, she was forcibly taken from her motel room by Pettiway and Carter, who was armed with a knife. She said she was beaten and taken to a house where she was repeatedly raped and sodomized by Pettiway, Carter, Hollenquest, and Walter Ware throughout the 12- to 13-hour period of her confinement. Sometime that day Pettiway left the house and did not return. That afternoon, Carter returned the victim to her motel room. Pettiway admitted his sexual contact with the victim, but maintained she was not forced to go anywhere or do anything. "The defense . . . was essentially that the victim was a prostitute and this was a sex for pay type of transaction. The defense was there was an agreement to pay the victim an amount of money for sex and it was not paid. In effect, there was a fraud or deception on the part of the defendants." Appellant's brief, p. 37.
The trial court granted Pettiway's motion for a judgment of acquittal as to kidnapping in the first degree, with which the defendant had been indicted, because the victim was "voluntarily release[d] alive, and not suffering from serious physical injury, in a safe place." § 13A-6-44. However, apart from this, the victim's testimony alone establishes a prima facie case of kidnapping in the first degree because it shows that she was abducted so that she could be sexually abused. The evidence clearly shows that the victim was abducted because she was restrained, held in a place where she was not likely to be found, and threatened with the use of deadly physical force.
Under the facts and circumstances of this case, Pettiway was either guilty of second degree kidnapping or innocent. Consequently, he was not entitled to a jury instruction on unlawful imprisonment as a lesser included offense of kidnapping. *Page 370 
 II
The trial began on June 24, 1986. At trial, prosecution witness M.E., a prostitute, testified that, on November 24, 1985, she had been kidnapped and raped by Pettiway and Carter under circumstances very similar to those of the present victim's case. Pettiway argues that the prosecution violated the trial court's order of discovery by not giving the defendant a copy of the statement of M.E. until immediately before she testified at trial. Although the statement is dated February 5, 1986, at trial an assistant district attorney represented to the court that the witness was "obtained only over the lunch break. We did not know if we were going to have them there."
The facts surrounding this issue are ambiguous, one reason being that the judge who ordered discovery was not the trial judge. The record does show that Pettiway filed a motion for discovery requesting, among other items, all reports of similar occurrences and any statements of witnesses. This motion was granted "insofar as any documents, records, et cetera to which defendant is constitutionally entitled." M.E.'s testimony was not favorable to Pettiway and, consequently, Pettiway was not constitutionally entitled to examine her pretrial statement. United States v. Bagley,473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). "[T]he general rule [is] that an accused is not entitled to discover statements of government witnesses before trial." Exparte Pate, 415 So.2d 1140, 1144 (Ala. 1981). Rule 18.1(c)(1), A.R.Cr.P. (Temp.), provides that "the defendant shall not be permitted to discover or inspect . . . statements made by state witnesses or prospective state witnesses."
At trial, an assistant district attorney stated, "Judge Phelps had told them that we would allow them to have these statements if in fact we intended to call them. He instructed us to give them — ." This issue was not made a ground of Pettiway's motion for new trial.
 "A trial court may enter any order it 'deems just under the circumstances' whenever it learns that a party has failed to comply with its discovery order. Rule 18.5(a), A.R.Cr.P. (Temp.). Although Rule 18.5(a) provides that a trial court may prohibit the noncomplying party from introducing evidence not disclosed, this is an alternative remedy and is not mandatory.
 'The imposition of sanctions upon non-compliance with a court's discovery order is within the sound discretion of the court.' McCrory v. State, 505 So.2d 1272, 1279 (Ala.Cr.App. 1986)." Fortenberry v. State [Ms. 7 Div. 938, March 22, 1988] (Ala.Cr.App. 1988).
At trial, Pettiway's counsel raised three grounds of objection: (1) "We ought to be able to see what this evidence is if they are going to introduce similar crimes against our clients," (2) "all of us would have objected to consolidation because it appears there are only two people here," and (3) "crimes were committed which these boys have never been proven — they have never been charged with it or convicted of it." Each ground of Pettiway's objection is without merit.
No authority has been provided this Court requiring the pretrial disclosure of evidence of other crimes to be used by the State in prosecution of an accused for a particular offense. Pettiway's second objection is invalid because this evidence directly involved Pettiway so there was no danger he would have been tainted by merely being tried with Carter, whom M.E.'s testimony also involved, and Hollenquest, whom the evidence did not implicate. Finally, in order to introduce evidence of other offenses, the State does not have to establish that the defendant had been charged or convicted of that offense.
 "Alabama law, like federal law, provides that the state does not have to prove the accused's commission of collateral crimes or acts beyond a reasonable doubt. However, Alabama courts have not been clear about the precise standard for admissibility. Although one case has held that there must merely 'be some legitimate *Page 371 
evidence which would at least furnish a reasonable inference of the involvement of the accused,' another has said that evidence of similar crimes 'must be established by evidence which is legally competent, and plain, clear and convincing.' Evidence that a person was charged with a crime is clearly insufficient by itself to establish his involvement. However, the mere fact that a person was acquitted of a collateral crime does not render evidence of that crime inadmissible against him, though he may offer evidence that he was acquitted or convicted of a lesser included offense. The state may prove the commission of a collateral crime by the oral testimony of the defendant introducing the original or a certified copy of the conviction judgment." Schroeder, Evidentiary Use in Criminal Cases of Collateral Crimes and Acts: A Comparison of the Federal Rules and Alabama Law, 35 Ala.L.Rev. 241, 248-49 (1984).
See United States v. Dothard, 666 F.2d 498, 502 (11th Cir. 1982) ("[T]he question of whether a defendant actually committed a prior extrinsic act is a jury question, unless the court is convinced that the jury could not reasonably find that the defendant committed the alleged prior act.").
At trial, Pettiway presented witnesses establishing his alibi for the date and time he allegedly kidnapped and raped M.E.
Considering the ambiguous nature of the facts of this issue, the objections raised at trial, and the fact that Pettiway contradicted M.E.'s testimony through evidence of his own, we find no abuse of the trial judge's discretion in the admission of her testimony. While fundamental fairness may require a trial judge to suppress evidence the State has failed to produce in compliance with an order of discovery, generally, the remedy for nonproduction will be the prerogative of the trial judge, whose decision will not be set aside absent clear evidence of abuse. Rule 18.5(a), A.R.Cr.P. (Temp.).
 III
Pettiway was found guilty of second degree kidnapping and two charges of sexual misconduct. He argues that this verdict is inconsistent because the fact that the jury found him guilty of only sexual misconduct indicates that there was no forcible compulsion, which was a necessary element of kidnapping.
This issue was argued at the hearing on the motion for new trial. In considering the arguments, the trial judge stated:
 "The matters that you have brought up about the inconsistencies in the verdicts came to mind at the time the jury returned the verdicts. . . . However, there are two things that came to mind at the time the jury returned its verdicts. Number one, you are talking about events that happened over a span of time. It was conceivable to me that the jury could find that as far as kidnapping in the second degree, that there could have been some force or threat of force used at the time of an abduction. However, it may be that the jury decided any sexual conduct later on was as a result of an artifice or trick rather than any force or threat of force which carried over. Secondly, the definition of an abduction can also be the secretion or holding of a person in a place where that person is not likely to be found. And the jury could have decided that the element of abduction was met by the evidence would show the victim was taken to a house that she did not know the location of or the street address of and no one else knew of that particular house or where she was. Those were the things that were going through my mind at the time when the jury returned their verdicts."
In a criminal trial, the verdicts of a jury need be consistent only when the crimes are mutually exclusive of each other. Conway v. State, 489 So.2d 641, 642 (Ala.Cr.App. 1986). By statutory definition, kidnapping and sexual misconduct are not mutually exclusive but are unrelated offenses. Factually, the events in this case occurred over a 12- to 13-hour period, and it is not unreasonable to conclude that the jury found the existence of the physical *Page 372 
force necessary for kidnapping, but also found that, at a different time, either the victim's consent to sexual intercourse was obtained without forcible compulsion or her consent was obtained through the use of fraud or artifice. SeeHepstall v. State, 418 So.2d 223, 225 (Ala.Cr.App. 1982), finding no inconsistency in the jury's verdicts of rape and sexual misconduct where "the incident occurred over an approximate two-hour period, and consisted of several sexual assaults of various kinds."
Our review convinces this Court that Pettiway has been well represented at trial and on appeal by appointed counsel. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.