Petitioner, Timothy Dean Pettiway, was indicted for first degree rape, first degree sodomy, and first degree kidnapping. He was convicted of the lesser offenses of sexual misconduct (two counts) and kidnapping in the second degree. He was sentenced to 12 months in the county jail on each sexual misconduct conviction and three years in the penitentiary on the second degree kidnapping conviction. The *Page 373 
Court of Criminal Appeals affirmed his conviction, with a written opinion. Pettiway v. State, 539 So.2d 368
(Ala.Crim.App. 1988). Petitioner's application for rehearing and his Rule 39(k) motion were overruled, without opinion. We granted certiorari to determine whether the courts below erred in holding that petitioner was not entitled to a lesser-included-offense charge on unlawful imprisonment in the second degree relative to the charge of second degree kidnapping. The two convictions of sexual misconduct are not at issue here.
The Court of Criminal Appeals held that, although unlawful imprisonment in the second degree is a lesser included offense of kidnapping in the second degree, petitioner was not entitled to a charge on the lesser offense because, it wrote, "[u]nder the facts and circumstances of this case, Pettiway was either guilty of second degree kidnapping or innocent."Pettiway v. State, supra, at 369.
Code of Alabama (1975), § 13A-6-44, defines the offense of "kidnapping in the second degree" as follows:
 "(a) A person commits the crime of kidnapping in the second degree if he abducts another person."
Section 13A-6-40(2) defines "abduct" as:
 "To restrain a person with intent to prevent his liberation by either:
 "a. Secreting or holding him in a place where he is not likely to be found, or
 "b. Using or threatening to use deadly physical force."
Section 13A-6-42 defines the offense of "unlawful imprisonment in in the second degree" as follows:
 "(a) A person commits the crime of unlawful imprisonment in the second degree if he restrains another person."
Section 13A-6-40(1) defines "restrain" as:
 "To intentionally or knowingly restrict a person's movements unlawfully and without consent, so as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved. Restraint is 'without consent' if it is accomplished by:
 "a. Physical force, intimidation or deception. . . ."
We agree with the Court of Criminal Appeals that unlawful imprisonment in the second degree is a lesser included offense of the crime of kidnapping in the second degree, as the former offense is established by proof of the same or fewer than all the facts required to establish the latter offense. See, Code of Alabama 1975, § 13A-1-9(a)(1), and the opinion of the court below. The issue is thus whether there was any evidence to support a charge on the lesser included offense.
In Ex parte Stephens, 512 So.2d 786 (Ala. 1987), we summarized the law as to when an accused is entitled to a lesser offense charge:
 "An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So.2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given, which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934)."
512 So.2d at 788-89, citing Ex parte Chavers, 361 So.2d 1106
(Ala. 1978). In Ex parte Pruitt, 457 So.2d 456 (Ala. 1984), we stated:
 "The accused is entitled to have the trial court charge on lesser included offenses where there is a reasonable theory from the evidence supporting defendant's position, *Page 374 
regardless of whether the State or defendant offers the evidence."
457 So.2d at 457.
The following facts are taken from the opinion of the Court of Criminal Appeals and from the petitioner's Rule 39(k) statement of facts which we find to be correct:
The victim testified that she is a prostitute and was so "employed" at the time she was allegedly raped and kidnapped by petitioner. She stated that on December 14, 1985, she was working out of the Budget 7 Motel on Mobile Highway in Montgomery, and that she was forcibly taken from her room by petitioner and by another defendant, who was threatening her with a knife. She stated that she was forced into a car, where the petitioner made her have sexual relations with him. She testified that she was then taken to a house, where she was forced to have sexual relations with the petitioner and three other men. She stated that two of the defendants returned her to her motel room the next day.
Although the petitioner did not testify, a statement he made to police was admitted into evidence. In that statement, he admitted having sex with the victim but stated that no force was involved. He stated that he and another defendant, Andra Carter, picked up the victim on a street corner and that Carter negotiated a fee for sex. He stated that he did not know whether any money was paid her. He stated that the sex was done freely and voluntarily. The statement was admitted through Investigator Renee Grimsley, a prosecution witness, who testified that there was nothing in the petitioner's statement to indicate that he had kidnapped or raped anyone.
The statement of Andra Carter, a co-defendant, was also admitted. He stated that he picked up the woman on a street corner and that she agreed to have sex with him for $30.00. He stated that he had sex with her in his car and then took her to a house. He said he later took her back to the motel, that she asked him to pay, and that he ran out without paying anything.
The petitioner's defense was that there was an agreement to pay the victim an amount of money for sex and that it was not paid, i.e., that sex, and hence, the victim's presence, was obtained by fraud, deception, trickery, or artifice. He therefore argues that the courts below erred in holding that he was not entitled to a lesser offense charge, because, he says, there was evidence to raise a jury question as to whether he was guilty of a restraint, an element of the definition of "unlawful imprisonment" in the second degree, as opposed to being guilty of an abduction, as an element in the definition of "kidnapping" in the second degree. We agree.
As we interpret § 13A-6-40, abduction, which substantially constitutes the crime of second degree kidnapping, is simply a more serious form of restraint, which substantially constitutes the lesser offense of unlawful imprisonment in the second degree. As stated in the official commentary to that Code section:
 " 'Restrain' is concerned with intentional, unlawful and nonconsensual removal or confinement of another person so as to 'interfere substantially with his liberty' or physical locomotion. It is a broad term covering various factual situations from the most serious cases down to relatively minor removals and brief confinements not involving any high degree of isolation, disappearance or violence.
 " 'Abduct' is defined as a very serious form of restraint, requiring an intent to prevent the victim's liberation, by substantial removal, isolation or concealment and/or the use of violence usually associated with traditional kidnapping."
(Emphasis added.)
The statements of petitioner and his co-defendant introduced by the State, if believed, would support a finding that petitioner was guilty of unlawful imprisonment in the second degree, i.e., that petitioner was guilty of restraining the victim without her consent by means of deception. Accordingly, the trial court erred in refusing to charge the jury on the lesser included offense.
The judgment of the Court of Criminal Appeals affirming petitioner's conviction of *Page 375 
kidnapping in the second degree is reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, BEATTY, ADAMS and HOUSTON, JJ., concur.