James A. Moss was convicted for the first degree rape of his 13-year-old daughter and was sentenced to life imprisonment. On this appeal from that conviction, Moss contends that the trial judge erred in allowing the examining physician to testify that the victim had had recent sexual intercourse which "appeared to be forced." Moss argues that this opinion invaded the province of the jury.
The examining physician, after being properly qualified, was properly allowed to testify that, in his opinion, the victim "had had recent intercourse that had been somewhat forceful."
"Forcible compulsion" is an element of first degree rape. It has a specific legal meaning. Ala. Code (1975), § 13A-6-60(8). Here, the examining physician did not give his opinion on the presence or absence of forcible compulsion. He did state his opinion regarding the cause of the injuries to the victim. "The nature of the wound or injury, its probable cause and effect can be stated by expert medical witnesses, or witnesses shown to be familiar with such questions. . . ." Thomas v. State,249 Ala. 358, 360, 31 So.2d 71 (1947). "If the requisite predicate is laid for the expert testimony, and if the expert is duly qualified, he can give an opinion as to the cause of a wound and its effect." White v. State, 294 Ala. 265, 272,314 So.2d 857, cert. denied, White v. Alabama, 423 U.S. 951,96 S.Ct. 373, 46 L.Ed.2d 288 (1975); Bell v. State, 435 So.2d 772, 775
(Ala.Cr.App. 1983). See also Meadows v. State, 473 So.2d 582,585-86 (Ala.Cr.App. 1985) (physician properly allowed to describe victim's wound as a "serious injury"); Wicker v.State, 433 So.2d 1190 (Ala.Cr.App. 1983) (physician properly allowed to describe defendant's injuries as slight).
Furthermore, the ground of objection raised on appeal, that the opinion invaded the province of the jury, was not raised at trial. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith,526 So.2d 880, 882 (Ala. 1987).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.