Robert Musgrave was indicted for criminal mischief in the first degree, in violation of § 13A-7-21, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment," and the trial judge sentenced the appellant to five years' imprisonment in the State penitentiary.
On October 28, 1988, Gary Wayne Dudley and his nephew were standing in Dudley's yard. The appellant walked down the street and began shouting obscenities at these two men.
Later that same day, Gary Dudley, his fiancee Rebecca Smith (now his wife), and a friend returned home after eating lunch at a local restaurant. Dudley stated that he got out of the car and walked to his mailbox, when the appellant and Bill St. Johns approached him. According to Dudley, the appellant started shouting obscenities at him again. The two got into a fight and St. Johns, who was standing close by, pulled out a bayonet. Dudley stated that he and his wife then ran into the house to call the police.
While Dudley was in the house, the appellant returned to his own home. About five minutes later, he returned with an aluminum baseball bat and began hitting Smith's car, a 1988 Dodge Daytona, breaking the windshield and denting the hood and the driver's door.
Dudley, Smith and Mary McKinney, a neighbor, testified that they witnessed this appellant hitting the car. Dudley testified that the lowest estimate to repair the car was $1,414.00. Smith testified that the value of her car had been diminished by $1,500.00.
 I
The appellant, a white male, first contends that his constitutional rights to a fair trial were violated when the prosecutor struck all of the blacks from the petit venire in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986).
This issue was not properly preserved, however, since the appellant failed to object before the petit jury was empaneled and sworn. Swain v. State, 504 So.2d 347, 349 (Ala.Crim.App. 1986). Furthermore, this issue has been addressed and decided contrary to the appellant's position in Smith v. State,515 So.2d 149, 150 (Ala.Crim.App. 1987) (Batson held not applicable where black veniremen removed from jury of white defendant).
 II
The appellant next contends that allowing the owner of the car in question, Rebecca Smith, to testify as to the depreciation of the value of her car after it was damaged, constituted reversible error.
Smith testified that, after the appellant hit her car with a baseball bat, she took it to several body shops to obtain estimates on the amount of damages. She stated that, before the damage, it was her opinion that the value of the car was $11,000.00.
The prosecutor then attempted to ask this witness what the value of the car was after it was damaged. The appellant objected without stating any grounds.
The trial judge sought to elicit what the after-the-fact value was, but the witness seemed to be confused as to what was being asked of her.
The prosecutor then asked this witness if she knew how much it cost to repair the car. The appellant again objected, and the trial judge sustained, stating that the repair amount was not "technically . . . the measure of damages." (R. 80-81).
The prosecutor disagreed with the trial judge, and the trial judge granted a one-hour recess for the jury. At this time, the trial judge noted that the appellant had fears that the prosecutor would take his recess to coach the witness. The trial judge explained to both sides that he saw nothing wrong with the prosecutor's explaining to the witness what he sought to elicit and what was required under Alabama law.
After the break, Smith retook the stand to testify. She again stated that her estimate of the car's value before the damage was $11,000.00. Upon being asked what *Page 1192 
her estimate of the value of her car after the damage was done, the appellant objected, stating that the question had already been asked and answered. The trial judge overruled the objection, and the witness stated her estimate to be approximately $9,500.00. Therefore, her opinion was that the value of her car had been depreciated by $1,500.00, because of the damage done to it by this appellant.
The State argues in its brief that the appellant's objection at trial ("already asked and answered" (R. 92)) was not as broad as the grounds that the appellant now raises on appeal. When viewing the record as a whole, we conclude that the objection was aimed at precluding the witness from testifying after the recess to what she obviously did not know or understand before the recess.
The line of questioning by the district attorney was designed to elicit the depreciation of the value of Smith's car. The value, according to the district attorney, was representative of the amount of damages for purposes of determining the degree of crime for which this appellant could be found guilty.
The legislative commentary following § 13A-7-21 through §13A-7-23, Code of Alabama 1975, offers guidance as to the proper measure of damages with regard to criminal mischief cases. To prove criminal mischief in the first degree, the State must prove beyond a reasonable doubt, inter alia, both actual damages and damages in excess of $1,000.00. " 'Damage' in this context implies an injury or harm to property that lowers its value or involves loss of efficiency." Commentary, Ala. Code, §§ 13A-7-21 through 13A-7-23 (1975). The measure of damage bears a "functional relationship" to the degrees of theft in §§ 13A-8-3 through 13A-8-5, Code of Alabama, 1975, commentary. Furthermore, "the severity of the punishment rests upon the amount of the damage rather than the value of the property attacked." Commentary, Ala. Code, § 13A-7-21 through13A-7-23 (1975).
While repair costs and replacement costs may, at times, be indicative of the amount of damages, the common measure of damages for personal property in civil cases is the difference in market value before and after the harm done. See LynnStrickland Sales and Service, Inc. v. Aero-Lane Fabricators,Inc., 510 So.2d 142, 144 (Ala. 1987) (measure of damages for noncommercial personal property); S.S. Steele Co., Inc. v.Pugh, 473 So.2d 978, 982 (Ala. 1985) (real property);McCullough v. L N Railroad Co., 396 So.2d 683, 685 (Ala. 1981) (cost factor not proper measure of damages); Robbins v.Voigt, 280 Ala. 207, 191 So.2d 212 (1966) (measure of damages for an automobile); Smith v. Springsteen, 385 So.2d 56, 60
(Ala.Civ.App. 1980) (value of truck after being damaged). These opinions are not inconsistent with the commentary of our criminal code as set out above.
Moreover, the testimony which this appellant now challenges was testimony from Smith that her car was damaged, causing the value of the car to be decreased. This testimony was cumulative since there were three eyewitness accounts of this appellant's causing the harm to Smith's car. See Wiggins v. State,491 So.2d 1046, 1049 (Ala.Crim.App. 1986); Hayes v. State,395 So.2d 127, 147 (Ala.Crim.App. 1980), cert. denied,395 So.2d 150 (Ala. 1981).
Therefore, we find no error in the trial court's admission of Smith's opinion as to the depreciated value.
 III
The appellant next contends that the trial court committed reversible error by admitting into evidence certain photographs, depicting damage to Smith's car.
The appellant claims that the photographs should have been produced in compliance with his pre-trial request for discovery, which was granted by the trial judge. (R. 141-42.)
After laying a proper foundation to authenticate the photographs, the State moved to have them admitted into evidence. See Hurst v. State, 402 So.2d 1124, 1127
(Ala.Crim.App. 1981). The appellant objected, stating that his pre-trial discovery *Page 1193 
request asked to have all photographs disclosed to him.
The prosecutor stated that the photographs were in the possession of the police investigator prior to trial. The investigator was asked by the prosecutor to bring the photographs to the courthouse on the day of the trial. The prosecutor claims he received the photographs during the lunch recess and showed them almost immediately to the appellant's counsel.
The appellant claimed that seeing the photographs at such a late time prejudiced him. He feels the photographs would have been helpful in assessing the amount of damages if he had seen them prior to trial. The appellant stated that he had had an expert review an estimate that he had received from the State, but that an adequate evaluation was prevented, since he was not shown these photographs until the middle of the trial.
The trial court overruled the appellant's objection and admitted the photographs into evidence. It is this decision that this appellant claims was error.
Rule 18.1(c), A.R.Cr.P. Temp., states that, when the trial court grants a discovery motion, specifically requesting certain discoverable items, the district attorney should
 "permit the defendant to analyze, inspect, and copy . . . photographs . . . which are within the possession, custody, or control of the state and:
 "(1) Which are material to the preparation of his defense . . .; [and]
 "(2) Which are intended for use by the state as evidence at the trial. . . ."
That portion of the appellant's request for discovery which is now at issue mimicked this rule by asking to "analyze, inspect and copy" certain photographs. (R. 141.)
The photographs, for purposes of discovery, were in the constructive possession of the district attorney, even though the police investigator held them until the day of the trial.See United States v. Bailleaux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in possession of FBI deemed in possession of government attorney for discovery purposes; irrelevant that government attorney did not actually receive tape until the night before trial). Therefore, this appellant should have been shown the photographs before trial in accord with his request for discovery as granted by the trial court.
Clearly, the photographs which were admitted in this cause were harmful to the appellant in that they corroborated the State's proof of damages to Smith's car. The appellant argues that his ability to obtain a fair trial, however, was hindered by not having a chance to view the photographs before the trial began.
In the present cause, it is at least a possibility that, given the opportunity, the appellant's expert could have used these photographs to determine that the amount of damages was less than $1,000.00. This alone makes the photographs material, since upon reduction of the damages the crime would have been a class A misdemeanor rather than a class C felony for which the appellant was convicted. See Ala. Code § 13A-7-21, 13A-7-22
(1975).
Assuming arguendo that the appellant could show a lesser amount of damage, a jury question would be raised, especially since the State offered proof that the damages exceeded $1,000.00.
Dudley testified, over this appellant's objection, that three estimates of damage were obtained on the car. The lesser of the three estimates was $1,414.00.
Smith testified, over the appellant's objection, that it was her opinion that the value of her car had been decreased by $1,500.00 after the damage was done. See Part II of this opinion regarding proof of damages.
Nonetheless, we hold that a mere possibility of contradictory evidence does not, in the cause at issue, require us to determine that the trial court's decision to admit the photographs to be an abuse of the judge's discretion. Bogan v.State, 529 So.2d 1029, 1031 (Ala.Crim.App. 1988) (no prejudice shown by tardy disclosure of evidence); Dixon v.State, 536 So.2d 959 (Ala.Crim.App. 1988), cert. denied (Ala. 1988) (assuming contradictory evidence would have been *Page 1194 
shown by non-disclosed evidence, no proof of change in outcome of trial because of presence of other corroborative evidence);Poe v. State, 510 So.2d 852, 853 (Ala.Crim.App. 1987) (defense counsel's claim of no knowledge of photographs in State's possession not sufficient proof of prejudice). Rule 18.5 (a), A.R.Cr.P. Temp., grants a trial court broad discretion in sanctioning a party who fails to comply with a discovery order. This decision will not be set aside "absent clear evidence of abuse." Pettiway v. State, 539 So.2d 368, 371
(Ala.Crim.App.), rev'd on other grounds, 539 So.2d 372 (Ala. 1988). Furthermore, the sanctions imposed by a trial judge should not be "harsher than necessary to accomplish the goals of the discovery rules." McCrory v. State, 505 So.2d 1272, 1279
(Ala.Cr.App. 1986).
Viewing the record in its entirety, we find that this appellant has failed to show that the trial court abused its discretion by admitting these photographs into evidence.
For the reasons stated, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[EDITORS' NOTE: PAGES 1195-1209 CONTAINS DECISIONS WITHOUT OPINIONS.]
 *Page 329