The appellant was convicted of the unlawful breaking and entering of a vehicle and attempted rape. He was sentenced to two years' imprisonment on the breaking and entering charge and was ordered to pay court costs, attorney fees, and $25 to the Crime Victims' Compensation Fund. He was also sentenced to five years' imprisonment on his conviction for attempted rape and was ordered to pay court costs, attorney fees, and $25 to the Crime Victims' Compensation Fund. The sentences were ordered to run concurrently.
The record indicates that the victim was employed as a cashier in a food mart, and, on the night in question, had just gotten off work and had gotten into her automobile. She was moving some items around in her vehicle, when she heard someone from behind tell her to "get over." She turned and observed a black man and asked, "What do you want?" She testified that the man replied, "I want you." They began fighting and fought for approximately 10 minutes, during which the victim screamed, fought, and bit her assailant. She testified that the man hit her, choked her, and burned her cheek with a cigarette. During the fight, the man fell back and, when he did, the car door came open and he fell out. As he was attempting to get back on his feet and to keep the victim in the car, she managed to get to her feet and into the parking lot, where the fight continued. Someone blew the horn in a car that passed by, causing the man to loosen his grip, at which time the victim ran back into the store and asked the cashier to call the police. The victim testified on cross-examination that the man never attempted to tear her clothing or fondle her in any manner; he fought with her the entire time.
The appellant requested several instructions on lesser included offenses, among them, assault in the third degree. The court refused to give these instructions. The State argues that this issue was not preserved because the appellant announced, at the close of the trial court's oral charge, that he was "satisfied." However, the record indicates that prior to the oral charge, the following transpired:
"THE COURT: Yes, sir. Assault in the third degree.
 "[PROSECUTOR]: Again, I don't see that that is a lesser-included offense of *Page 723 
rape or attempted rape. Rape does not contemplate a physical injury and that's not an element of rape. Rape deals with sexual intercourse by forcible compulsion. There's no requirement of proof of any injury to a victim. There's no requirement of any forcible contact. I just — I do not think assault in any degree, whether it's first, second or third, is a lesser-included offense of rape. . . .
 "I just don't think that the elements are the same. All of the elements of assault, third degree are not included in the elements of proof on rape and it's not a lesser-included and I don't see that that's an appropriate charge to be made in this case.
 "[DEFENSE COUNSEL]: I believe the Code section for rape calls for forcible compulsion, and I think any assault, whichever degree you may be dealing with, would involve some type of force. I think it could be brought — could be charged as a lesser-included offense.
 "[PROSECUTOR]: I would state there's no question, based upon the testimony of [the victim], that she was the victim of a third degree assault. However, the indictment does not charge that offense, and to give this charge because the elements are not — the elements of assault third are not included in the elements of rape. Therefore, it's not a lesser included, and to give a charge on that is, in effect, amending the indictment and adding a third count for a misdemeanor offense, and we don't agree to it. It can't be amended, except by agreement, and I don't think it's appropriate in this case.
 "THE COURT: That charge as to assault in the third degree will be denied."
(Emphasis added.) Thus, this issue was sufficiently brought to the trial court's attention and was preserved. Cf. Roy v.State, 375 So.2d 1289, 1290 (Ala.Cr.App. 1979).
The jury should have been charged on assault in the third degree as a lesser-included offense of rape in the instant case. Assault in the third degree occurs if a person "[w]ith intent to cause physical injury to another person . . . causes physical injury to any person." § 13A-6-22, Code of Alabama
(1975). A person is guilty of attempted rape if, with the intent to commit rape, he does any overt act towards its commission. § 13A-4-2, Code of Alabama (1975). Rape in the first degree occurs where a male "engages in sexual intercourse with a female by forcible compulsion." § 13A-6-61, Code ofAlabama (1975).
According to § 13A-1-9, Code of Alabama (1975), an offense is a lesser included offense if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser-included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest, or a lesser kind of culpability suffices to establish its commission."
That Code section also contains the following provision:
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
"A crime is a lesser-included offense where it is established by proof of the same facts, or fewer than all the facts, required to establish the commission of the offense charged. Code 1975, § 13A-1-9(a)(1)." Ex parte Hannah, 527 So.2d 675,676 (Ala. 1988). Furthermore, " '[a]n individual accused of the greater offense has a right to have the court charged on the lesser offenses included in the indictment where there is a reasonable theory from the evidence supporting his position.' "Id.
Thus, in Ex parte Oliver, 518 So.2d 705 (Ala. 1987), the Alabama Supreme Court held that, under the facts of that case, the offense of issuing a worthless check was a *Page 724 
lesser-included offense of theft by deception. The court held:
 "In this case, the facts established at trial were that Oliver wrote or issued a check for the jewelry, knowing that the check was drawn on a closed account and that it would not be honored. She then took possession of the jewelry. This evidence would support a conviction of theft by deception or a conviction of issuing a worthless check. This meets the requirement of § 13A-1-9(b) that there be a rational basis for a verdict of guilty of the lesser-included offense."
Id. at 707. In Ex parte Pettiway, 539 So.2d 372 (Ala. 1988), the Alabama Supreme Court held that unlawful imprisonment in the second degree is a lesser-included offense of kidnapping in the second degree, as "abduction, which substantially constitutes the crime of second degree kidnapping, is simply a more serious form of restraint". Id. at 374. The Alabama Supreme Court further held that there was evidence which, if believed, would support a jury's finding of the defendant's guilt of the lesser-included offense. See also Ex parte Cordar,538 So.2d 1246, 1249 (Ala. 1988) (although there was sufficient evidence to support the jury's conviction of the charged offense of rape in the first degree, "is there a reasonable theory from the evidence that would support a finding by the jury that the petitioner was guilty of the lesser-included offense of sexual misconduct?").
In Updyke v. State, 501 So.2d 566 (Ala.Cr.App. 1986), this court held that an appellant who was charged with child abuse for the severe beating of his seven-year-old son was entitled to the jury's consideration of third degree assault as a lesser-included offense; despite the fact that assault requires a showing of physical injury and child abuse does not.
Moreover, it has previously been held in Alabama that assault and battery constituted a lesser included offense of rape.Irvin v. State, 38 Ala. App. 273, 82 So.2d 319 (1955); Hutto v.State, 169 Ala. 19, 53 So. 809 (1920).
Under the present facts, as acknowledged by the prosecutor, the State clearly presented evidence that would have supported a jury's finding that the appellant was guilty of assault in the third degree. In the instant case, the offense of assault in the third degree "is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged," attempted rape. § 13A-1-9, Code ofAlabama (1975). Therefore, the jury should have been charged on assault in the third degree as a lesser-included offense of attempted rape in this case, and the trial court erred by not giving such a charge.
REVERSED AND REMANDED.
All the Judges concur.