The appellant was convicted of sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975, of rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975, and of kidnapping in the second degree in violation of §13A-6-44, Code of Alabama 1975. He was sentenced to imprisonment for 20 years and 6 months on the sodomy conviction, to imprisonment for 20 years and 6 months on the rape conviction, and to imprisonment for 2 years' on the kidnapping conviction, with the sentences to run concurrently.
 I
The appellant argues that the trial court erred by allowing the State's expert witness, Dr. Mary Elizabeth Rutherford, to testify as to the ultimate issue in dispute. More particularly, he contends that the witness should not have been allowed to express her opinion, which was based on her medical examination of the victim, that the injuries of the victim "were consistent with any kind of trauma to [the genitalia]." She further testified that the victim's injuries were consistent with "forcible intercourse, a lot of rough-housing, rough sex, or it could possibly be consistent with trauma to [the genitalia] with any kind of instrument, or a fist, or anything like that." The appellant alleges that the victim consented to having sexual intercourse with him; therefore, he argues, the issue of whether there was forcible compulsion should have been submitted for the jury's consideration. In Moss v. State,545 So.2d 230 (Ala.Cr.App. 1989), this court held that the admission of expert medical testimony that intercourse with the victim "had been somewhat forcible" did not invade the province of the jury. In Moss, this court stated:
 " 'Forcible compulsion' is an element of first degree rape. It has a specific legal meaning. Ala. Code (1975), § 13A-6-60(8). Here, the examining physician did not give his opinion on the presence or absence of forcible compulsion. He did state his opinion regarding the cause of the injuries to the victim. 'The nature of the wound or injury, its probable cause and effect can be stated by expert medical witnesses, or witnesses shown to be familiar with such questions. . . .' Thomas v. State, 249 Ala. 358, 360, 31 So.2d 71 (1947). 'If the requisite predicate is laid for the expert testimony, and if the expert is duly qualified, he can give an opinion as to the cause of a wound and its effect.' White v. State, 423 U.S. 951, 96 S.Ct. 373, 46 L.Ed.2d 288 (1975); Bell v. State, 435 So.2d 772, 775 (Ala.Cr.App. 1983). See also Meadows v. State, 473 So.2d 582, 585-86 (Ala.Cr.App. 1985) (physician properly allowed to describe victim's wound as a 'serious injury'); Wicker v. State, 433 So.2d 1190 (Ala.Cr.App. 1983) (physician properly allowed to describe defendant's injuries as slight)."
Based upon the aforementioned legal authority, the determination by the trial court to admit the opinion testimony of the State's expert witness was proper.
 II
The appellant argues that the trial court erred by failing to properly instruct the jury on his post-arrest silence. He argues that the trial court's curative instructions concerning the testimony of State's witness, Officer Mimi Moore, were inadequate. The testimony of Officer Moore was as follows:
 "[PROSECUTOR]: After you had arrested Timothy Hampton where was he taken?
 "[OFFICER MOORE]: He was taken to the Birmingham City jail.
 "[PROSECUTOR]: Did you at any time speak with him on that date?
 "[OFFICER MOORE]: I attempted but he did not give a statement, no, sir."
Defense counsel immediately objected, stating that the testimony was "a deliberate attempt to show that [the appellant] did not make a statement, which would be a violation of his constitutional rights as well as the discovery order in this case." The record reveals that the trial court promptly *Page 378 
instructed the jury to "disregard [the statement] and to not let it be part of your consideration." Defense counsel, outside the jury's presence, then objected on grounds that the curative instructions were insufficient. The trial court then, on two separate occasions, invited defense counsel to write out his own curative instructions for the trial court. Defense counsel declined to furnish such instructions and moved for a mistrial. The trial court then denied the appellant's motion for a mistrial and, in the presence of the jury, gave a second curative instruction to disregard Officer Moore's response.
Here, there was no ineradicable prejudice to the appellant from the statement by the State's witness where the trial court gave prompt curative instructions and offered to give additional curative instructions supplied by defense counsel, but defense counsel refused to offer any instructions.Beadnell v. State, 574 So.2d 890 (Ala.Cr.App. 1990). The appellant cannot profit from "invited error." Kirkland v.State, 581 So.2d 1207 (Ala.Cr.App. 1990).
 III
The appellant argues that the trial court erred by erroneously commenting that particular facts were in evidence. He argues that the erroneous comment constituted "impermissible interjection" by the trial court and "impeached the credibility of a defense witness." The appellant, however, failed to object on these grounds at trial and has, therefore, not preserved this issue for appellate consideration. Buice v. State,574 So.2d 55 (Ala.Cr.App. 1990).
 IV
The appellant argues that the trial judge erred by continually interjecting himself into the trial. The record does not support the appellant's argument. We have examined the record and have not found any abuse of the trial judge's discretion in the conduct of the trial. Moreover, the trial judge has the duty to move the testimony expeditiously along.Shelton v. State, 384 So.2d 869 (Ala.Cr.App.), cert. denied,384 So.2d 871 (Ala. 1980).
 V
The appellant argues that the trial court erred in denying certain of his written requested charges. Initially, he argues that the trial court erred in denying his written requested jury charge on sexual misconduct as a lesser-included offense of sodomy in the first degree. This charge stated:
 "Contained and embraced within the charge of sodomy in the first degree is the lesser-included offense of sexual misconduct. To sustain the charge of sexual misconduct in this case, the State, by the evidence, must prove beyond a reasonable doubt the following elements of the offense:
 "1. That Timothy Hampton engaged in deviate sexual intercourse with [the victim], and;
"2. That he did so without her consent."
Section 13A-6-65, Code of Alabama 1975, provides:
 "(a) A person commits the crime of sexual misconduct if:
 "(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 and 13A-6-62; or with her consent where consent was obtained by the use of any fraud or artifice; or
". . .
 "(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by sections 13A-6-63 and 13A-6-64. Consent is no defense to a prosecution under this subdivision.
 "(b) Sexual misconduct is a Class A misdemeanor."
Section 13A-6-63, Code of Alabama 1975, provides:
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or *Page 379 
 "(2) He engages in deviate sexual intercourse with a person who is incapacitated; or
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.
 "(b) Sodomy in the first degree is a Class A felony."
An examination of the record reveals that there was no rational basis or reasonable theory that would support a conviction on the lesser offense.
 "The law in Alabama is clear: if a defendant asks for a jury charge on a lesser included offense, he is entitled to such a charge if there is any rational basis or reasonable theory that would support a conviction on the lesser offense. Ala. Code 1975, § 13A-1-9(b); Allen v. State, 546 So.2d 1009, 1012 (Ala.Crim.App. 1989); McConnico v. State, 551 So.2d 424 (Ala.Crim.App. 1988)."
Ex parte McCall, 594 So.2d 628, 629 (Ala. 1991). (Emphasis in original.) See also Parker v. State, 581 So.2d 1211
(Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991);Ex parte Pruitt, 457 So.2d 456 (Ala. 1984). The victim testified that the appellant forced her to perform deviate sexual intercourse; thereby violating § 13A-6-63(a)(1). The appellant denied having any deviate sexual relations with the victim. Because there was no evidence which would have supported a charge on the lesser included offense, the trial court's refusal to give the charge was proper. Chavers v.State, 361 So.2d 1106 (Ala. 1978).
The appellant further argues that the trial court erred in denying his written requested charges as to two other lesser included offenses. Written requested charge no. 29 reads:
 "Contained and embraced within the charge of kidnapping in the first degree is the lesser-included offense of unlawful imprisonment in the first degree. To sustain the charge of unlawful imprisonment in this case, the State, by the evidence, must prove beyond a reasonable doubt each of the following elements of the offense:
 "1. That the defendant, Timothy Hampton, restrained [the victim], and;
 "2. That the restraint occurred under circumstances which exposed [the victim] to a risk of serious physical injury."
Written requested charge no. 31 reads:
 "Contained and embraced within the charge of unlawful imprisonment in the first degree is the lesser-included offense of unlawful imprisonment in the second degree. A person commits the crime of unlawful imprisonment in the second degree if he restrains another person."
Following the trial court's oral charge to the jury, the following colloquy occurred between the trial court, the co-defendants' trial counsel, and the appellant's counsel:
"[THE COURT]: What says the State?
"[PROSECUTOR]: The State is satisfied.
"[THE COURT]: What says the defendants?
 "[CO-DEFENDANT'S COUNSEL]: Your Honor, I am satisfied with the Court's oral charge, but I have two exceptions to failure to give a couple of lesser-included offenses which were covered by Frederick Hampton's written requested Charges No. 29 and 30.
 "[THE COURT]: Unlawful imprisonment in the second degree.
 "[CO-DEFENDANT'S COUNSEL]: Thirty is just a continuation of that.
 "[THE COURT]: I give you an exception to not giving it. I didn't give it, and I didn't intend to.
 "[CO-DEFENDANT'S COUNSEL]: The other one would be a lesser-included charge of third degree assault covered by Frederick Hampton's requested Charges 32 and 33.
 "[THE COURT]: I think I addressed that issue and I would say the same thing again. You have an exception.
 "[APPELLANT'S TRIAL COUNSEL]: We would note the same exception on the charges for Timothy Hampton with respect to unlawful imprisonment, I believe it's Charge No. 31.
 "[THE COURT]: Let me look. Which one are you talking about? *Page 380 
 "[APPELLANT'S TRIAL COUNSEL]: No. 29 is unlawful imprisonment first degree. We would except both of those.
 "[THE COURT]: Wait just a minute. Your No. 29 is unlawful imprisonment first degree. I will renew my same grounds.
 "[APPELLANT'S TRIAL COUNSEL]: Same thing on Charge No. 31 as a lesser-included.
 "[THE COURT]: I will renew my same reason for not giving it and give you an exception.
 "[APPELLANT'S TRIAL COUNSEL]: Charge No. 25, lesser-included offense of sexual misconduct.
 "[THE COURT]: I talked about that, and, again, I say the same thing. You have an exception on all of it. Both of you."
After the jury began deliberations, it sent a note to the trial court that it "would like to hear a definition of second degree kidnapping." The jury also wanted to know "if the victim got in the car willingly and asked to be let go at some point, would that be second degree kidnapping?" The appellant's trial counsel objected and renewed his request for the lesser-included charge of unlawful imprisonment based on the jury's question. The trial court made the following response to trial counsel's objection:
 "THE COURT: If I'm in error, I'm in error. To do that now would be to suggest to the jury. They might then come back with second degree kidnapping where they might otherwise throw it out. I will leave it as it is. I will define second degree kidnapping and nothing else."
The State's argument that the issue was not preserved for appellate review is without merit. The record indicates that the trial judge was aware of the appellant's objection and the reasons for that objection.
Section 13A-6-44, Code of Alabama 1975, defines the offense of "kidnapping in the second degree" as follows: "(a) A person commits the crime of kidnapping in the second degree if he abducts another person."
Section 13A-6-40(2) defines "abduct" as:
 "To restrain a person with intent to prevent his liberation by either:
 "a. Secreting or holding him in a place where he is not likely to be found, or
 "b. Using or threatening to use deadly physical force."
Section 13A-6-42 defines the offense of "unlawful imprisonment in the second degree" as follows:
 "(a) A person commits the crime of unlawful imprisonment in the second degree if he restrains another person."
Section 13A-6-40(1) defines "restrain" as follows:
 "To intentionally or knowingly restrict a person's, movements unlawfully and without consent, so as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved. Restraint is 'without consent' if it is accomplished by:
"a. Physical force, intimidation or deception."
The facts in the instant case are similar to those in Exparte Pettiway, 539 So.2d 372 (Ala. 1988), wherein the Alabama Supreme Court held that the trial court erred in refusing to instruct the jury on unlawful imprisonment as a lesser included offense of kidnapping. In the instant case, the appellant testified that the victim voluntarily entered the vehicle in which he was a passenger; hence there was "evidence to raise a jury question as to whether he was guilty of the definition of 'unlawful imprisonment' in the second degree, as opposed to being guilty of an abduction, as an element in the definition of 'kidnapping' in the second degree." Ex parte Pettiway,supra, at 374. (Emphasis in original.) *Page 381 
Because there was a "rational basis or reasonable theory" that would support a conviction on the lesser offense of "unlawful imprisonment" in the second degree, the trial court committed reversible error in failing to give such an instruction. See Ex parte McCall, supra.
The appellant's convictions for rape in the first degree and sodomy in the first degree are affirmed. The conviction for kidnapping in the second degree is reversed, and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART;
REVERSED AND REMANDED IN PART.
All Judges concur.